333 A.2d 914
Robert L. HARTSHORN and Michael Davis

v.

The COUNTY OF ALLEGHENY et al., Appellants.

Supreme Court of Pennsylvania.

Argued Oct. 8, 1974.

Decided March 18, 1975.

Stephen A. Zappala, County Sol., Henry W. Ewalt, Asst. County Sol., Pittsburgh, for appellants.

Ronald P. Koerner, Gatz, Cohen, Segal & Koerner, Pittsburgh, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from an order of the Commonwealth Court, affirming the order of the Court of Common Pleas of Allegheny County, which granted appellees' request for summary judgment. We granted allocatur.

The factual setting in which this appeal arose is as follows: On June 24, 1971, County Detectives Robert L. Hartshorn and Michael Davis, appellees, notified County Commissioners Leonard C. Staisey, Thomas J. Foerster and William R. Hunt, M.D., and District Attorney Robert Duggan, appellants, that appellees wished to conduct collective bargaining under the Act of June 24, 1968, P. L. 237, No. 111, Section 1, 43 P.S. § 217.1 (Act 111), which provides a procedure for policemen to bargain with their employer. Appellants did not respond. On September 10, 1971 appellees notified appellants of their intention to engage in binding arbitration under Act 111. Again, appellants did not respond. Appellees then filed a complaint in mandamus against appellants, in which they sought to compel arbitration. Appellants filed preliminary objections to the complaint alleging, *inter alia*, that the Court of Common Pleas of Allegheny County lacked jurisdiction in the matter, since the issue of whether appellees were covered by Act 111 should first be determined by the Pennsylvania Labor Relations Board and, further, that appellees were not policemen as defined in Act 111. Subsequent to the final disposition of appellants' preliminary objections, the Commonwealth

Court, in *Venneri v. County of Allegheny,* 5 Pa.Cmwlth. 105, 289 A.2d 523 (1972), held that deputy sheriffs did not have to seek a Pennsylvania Labor Relations Board determination of whether they are covered by Act 111, but rather they could and should, seek a court determination on the issue. In light of this case, the Court of Common Pleas in the instant case dismissed appellants' preliminary objections relating to jurisdiction, and thereafter granted appellees' motion for summary judgment and ordered appellants to arbitrate. The Commonwealth Court affirmed that decision. We granted allocatur and now affirm.

■■■■■ We are of the opinion that appellees need not seek an initial determination from the Pennsylvania Labor Relations Board as to whether they are policemen within the meaning of Act 111. In our opinion, the Second Class County Code, Act of July 8, 1953, P.L. 723, Art. XIV, § 1440, 16 P.S. § 4440(b), which provides:

> "(b) County detectives shall at all times be subject to the orders of the district attorney, and shall investigate and make report to the district attorney as to the conduct in office of magistrates, constables, deputy constables and other officers connected with the administration of criminal justice, to make investigations, and endeavor to obtain such evidence as may be required by the district attorney in any criminal case, and perform such other duties as the district attorney may direct. *Said detectives shall be general police officers and shall have all powers now conferred on constables by existing laws of this Commonwealth, so far as they relate to crime or criminal procedure,* and they shall serve subpoenas in cases in which the Commonwealth is a party in a court of record." (Emphasis supplied.)

makes clear that the legislature intended the county detectives to be classified as policemen. Since 16 P.S. §

4440(b) establishes that appellees are policemen, their right to collective bargaining is then clear under Act 111, making mandamus the proper remedy to enforce such bargaining.

Order affirmed.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice (dissenting).

This case is not as simple factually nor as plain legally as the majority opinion would seem to indicate. I do not, however, undertake an analysis on the merits of what is meant by the word "policemen", for my reading of the Public Employee Relations Act ("Act 195") [1] indicates that the initial determination of who is a "public employee" under that statute is to be made by the Pennsylvania Labor Relations Board ("Board").[2] Because Act 195 and the 1968 statute ("Act 111") [3] are mutually exclusive, 43 P.S. § 1101.301(2), a determination by the Board that the appellees are public employees would necessarily preclude a finding that they are covered by Act 111; conversely, a determination that appellees are "policemen" within the meaning of Act 111 would compel a finding that they are not public employees under Act 195. Whatever the decision of the Board in this regard, Act 195 guarantees prompt judicial review of any such determination should the parties so choose. *See* 43 P.S. §§ 1101.1502, 1101.1505.

1. Act of July 23, 1970, P.L. 563, No. 195, Art. I, § 101 et seq., 43 P.S. § 1101.101 et seq.

2. In reaching this conclusion I am obliged to disagree with the decision of the Commonwealth Court in *Venneri v. County of Allegheny*, 5 Pa.Cmwlth. 105, 289 A.2d 523 (1972), holding that deputy sheriffs should seek determination of their status under either Act 195 or Act 111 through the courts rather than through the Board.

3. Act of June 24, 1968, P.L. 237, No. 111, § 1 et seq., 43 P.S. § 217.1 et seq.

Not only does the legislative scheme point to the Board as the body which in the first instance should determine who are and who are not public employees, but such a procedure in this case is also strongly suggested by fundamental principles of administrative law. See *Federal Maritime Board v. Isbrantsen Co., Inc.*, 356 U.S. 481, 498, 78 S.Ct. 851, 2 L.Ed.2d 926, 937–38 (1958). *See generally*, Davis, Administrative Law, "Primary Jurisdiction," § 19.01 et seq. Application of the doctrine of primary jurisdiction would not only bring to bear the expertise of those best qualified to speak in this specialized area of labor relations, but also would tend to assure uniformity throughout the state in the approach to problems under Acts 195 and 111. An incidental benefit in terms of judicial economy would accrue to the judicial system, many of the courts of our Commonwealth being already overburdened with their present load of cases wherein the courts' jurisdiction is plain and inescapable.

For the reasons indicated, I believe this Court should not now undertake to decide this case on its merits. I would, accordingly, reverse the orders of the courts below, and sustain the preliminary objections of the County of Allegheny to the complaint in mandamus. Hence I dissent from the decision of the Court.