

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 31, 1976

The Honorable Joe Max Shelton
Grayson County Attorney
Third Floor, Courthouse
Sherman, Texas   75090

Opinion No. H- 918

Re:   Whether the Fire and
Police Employee Relations
Act, article 5154c-1,
V.T.C.S., applies to
sheriffs' departments.

Dear Mr. Shelton:

You have requested our opinion regarding the applicability
of article 5154c-1, V.T.C.S., the Fire and Police Employee
Relations Act, to sheriffs' departments.   Article 5154c-1
authorizes "firefighters and policemen" to engage in col-
lective bargaining with their employers.   "Policeman" is
defined as

> each sworn certified full-time paid
> employee, whether male or female, who
> regularly serves in a professional law
> enforcement capacity in the police
> department of any city, town, or other
> political subdivision within the state,
> with the sole exception of the chief of
> the department.   Section 3(2).

Article 5154c-1 excludes the "chief of the department"
from the coverage of the statute.   It is unclear whether
"chief" is employed here as a term of art referring to the
common designation of the head of a city police department,
or whether it is intended in a more general sense.   It is
clear, however, that a sheriff is not ordinarily denominated
a "chief."   It would appear, therefore, that had the Legislature
intended to include sheriffs' departments within the terms
of the statute, it would have written its exception specifically
to exclude the sheriff from coverage.

Article 6869d creates in certain counties a "county police force" of not less than six patrolmen, to be appointed by the sheriff and approved by the commissioners court. If every deputy sheriff, by virtue of that position, already occupies the status of "police officer," article 6869d would be of no effect.

In our opinion, then, article 5154c-1 is not applicable to most law enforcement officers within a sheriff's department. Those persons designated as county police officers pursuant to article 6869d, however, are embraced within the statute's coverage. Cf. Hartshorn v. County of Allegheny, 333 A.2d 914, 915 (Pa. Sup. 1975).

## S U M M A R Y

With the exception of those persons designated "county police officers" under article 6869d, V.T.C.S., article 5154c-1, the Fire and Police Employee Relations Act, is not applicable to law enforcement officers employed by a sheriff's department.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb