City of Coatesville, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent. Coatesville Police Benevolent Association, Intervenor.

Argued April 7, 1983, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and BARBIERI, sitting as a panel of three.

*Michael J. Ossip,* with him, *Timothy P. O'Reilly, Michael A. Hacker, and Alexander Endy,* City Solicitor, for petitioner.

*James L. Crawford,* with him, *Frayda Kamber and Anthony C. Busillo, II,* for respondent.

Jonathan Walters, Kirschner, Walters & Willig, for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 22, 1983:

The City of Coatesville (City) appeals a Pennsylvania Labor Relations Board (Board) determination that it committed unfair labor practices. We affirm.

The Coatesville Police Benevolent Association (Association), the certified representative of the City's police officers under the Collective Bargaining by Policemen or Firemen Act (Act III),[1] filed a complaint with the Board when the City refused to bargain over its unilateral increase in the amount of the officers' contribution to their pension fund. The Board concluded that the City's refusal to bargain was an unfair labor practice, in violation of the Pennsylvania Labor Relations Act (PLRA),[2] and directed it to bargain.

The sole issue is whether the Board has jurisdiction to decide unfair labor practice charges involving Act 111 employees. We hold that the Board has jurisdiction.

In *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 369 A. 2d 259 (1977), our Supreme Court, by reading the PLRA and Act 111 *in pari materia,* held that the Board had jurisdiction under the PLRA to conduct representation elections for Act 111 employees. The Court realized, however, that only portions of the PLRA could be read into Act 111:

---

[1] Act of June 24, 1968, P.L. 237, 43 P.S. §217.1.

[2] Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §211.1. The Board concluded that the County had violated Sections 6(1)(a) and (e) of the Act, 43 P.S. §§211.6(1)(a) and (e).

> We recognize, of course, . . . that Act No. 111 provides its own unique and specific procedure, namely, binding arbitration, as the final resort in the event of a bargaining impasse. These provisions of Act No. 111, enacted later than the PLRA, *are of course controlling where the situation warrants.* (Citations omitted; emphasis added.)

*Id.* at 558, 369 A.2d at 262. Thus, where the PLRA's provisions conflict with Act 111, they will not be read into the latter enactment.[3]

Coatesville contends that *Geriot v. Council of Borough of Darby,* 491 Pa. 63, 417 A.2d 1144 (1980), limits the Board's Act 111 jurisdiction to conducting representation elections. This contention is incorrect. *Geriot* held *only* that exclusive jurisdiction granted the Board under the Public Employe Relations Act (PERA)[4] did not extend to Act 111 employees. This is consistent with *Philadelphia Fire Officers,* where the Court stated: "[E]mployees covered by Act No. 111 are not *in any respect* covered by the PERA . . . ." *Id.* at 558, 369 A.2d at 262. (Emphasis added.)

This Court has previously indicated that the Board has unfair labor practice jurisdiction under Act 111. *See Local 302, International Association of Fire Fighters et al. v. City of Allentown,* 55 Pa. Commonwealth Ct. 599, 423 A.2d 1119 (1980). The Board's exercise of jurisdiction regarding unfair labor practices in the case now before us does not conflict with Act 111's

---

[3] For instance, the PLRA's authorization of peaceful strikes, 43 P.S. §211.5, cannot be applied to Act 111 employees, whose exclusive remedy for bargaining impasses is binding arbitration. *Borough of New Cumberland v. Police Employees of the Borough of New Cumberland,* 51 Pa. Commonwealth Ct. 435, 414 A.2d 761 (1980).

[4] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 (Supp. 1983-84).

policy in favor of binding arbitration; on the contrary, it furthers the Act's goal of ensuring expeditious and harmonious resolutions of labor disputes involving policemen and firemen. Further, Act 111 lacks any "unique and specific" procedures for dealing with an employer's refusal to bargain. Thus, the Board properly exercised jurisdiction over the unfair labor practice charges filed in this case.

Affirmed.

### ORDER

The Pennsylvania Labor Relations Board order, No. PF-C-80-81-E, dated July 7, 1981, is hereby affirmed.

Judge BARBIERI concurs in the result only.