Joseph F. Barron, on his own behalf and on behalf of Philadelphia Fire Officers, Appellant *v.* City of Philadelphia, William J. Green, Rodney D. Johnson, J. W. Brown, Orville V. Jones and Joseph R. Rizzo, Appellees.

Argued June 4, 1984, before Judges WILLIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

*William F. Coyle,* for appellant.

*Anthony J. Molley, Jr.,* with him, *Ralph J. Teti, Bloom, Ocks & Fisher,* for intervening appellee, City Firefighters Association, Local No. 22 IAFF, AFL-CIO.

OPINION BY JUDGE DOYLE, September 19, 1984:

Before this Court is an appeal by Joseph F. Barron (Appellant), on behalf of himself and the Philadelphia Fire Officers from a decision and order of the Court of Common Pleas of Philadelphia County sustaining a preliminary objection by the City of Philadelphia (City) and other defendants to that court's jurisdiction over his complaint in equity and trespass.

In April of 1983, Appellant, a Fire Battalion Chief employed by the City, brought a complaint in equity and trespass against the City on behalf of himself and the Philadelphia Fire Officers seeking to enjoin the

implementation of an agency shop clause of a collective bargaining agreement between the City and Local 22, International Association of Firefighters (Union). The agreement, which was the result of an interest arbitration award rendered June 29, 1982, requires, in pertinent part, that all uniformed members of the City's fire department who choose not to join the Union pay a service fee to the Union[1] to defray their share of the costs of the administration of the Union's collective bargaining agreement with the City.[2] The asserted ground for Appellant's action was that the agency shop clause was an unfair labor practice pursuant to Section 6 of the Pennsylvania Labor Relations Act (PLRA), Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §211.6. Appellant also charged that the clause in the collective bargaining agreement between the City and the Union was violative of the Collective Bargaining by Policemen or Firemen Act (Act 111), Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§217.1-217.10; Sections 7.7-300 and 7.7-303 of the Philadelphia Home Rule Charter; Sections 19-203(1) and (2) of the Philadelphia Code; Section 8127 of the Judicial Code, 42 Pa. C. S. §8127; and Section 3 of the Wage Payment and Collection Law, Act of July 14, 1961, P.L. 637, *as amended*, 43 P.S. §260.3. In addition to injunctive relief, Appellant also sought

[1] Under the terms of the collective bargaining agreement, payment is made either by authorized payroll deduction or directly by the individual.

[2] The Pennsylvania Labor Relations Board (PLRB) has certified the Union as the collective bargaining representative of all uniformed members of the City's fire department. The PLRB has also refused to certify the Philadelphia Fire Officers as a separate bargaining unit, a decision which was vacated on appeal to this Court and remanded to the PLRB as being illegal to the extent that it results in managerial employees being members of the Union. *In the Matter of: The Employes of the City of Philadelphia (Fire Department)*, 83 Pa. Commonwealth Ct. 274, 477 A.2d 47 (1984).

compensatory and punitive damages, attorneys fees and costs. Both the City, and the Union as an intervening defendant, filed preliminary objections to the complaint. On June 8, 1983, the court of common pleas sustained preliminary objections to that court's jurisdiction over this matter by holding that the unfair labor practice charge was a matter within the exclusive jurisdiction of the Pennsylvania Labor Relations Board (PLRB). Appellant's complaint was therefore dismissed. The appeal to this Court followed.

In his appeal, Appellant argues that the allegations contained in the complaint regarding the manner in which the agency shop clause in the collective bargaining agreement violates both Commonwealth and City law are such that there is subject matter jurisdiction in the court of common pleas. With respect to the unfair labor practice charge, we disagree. It is well settled that the PLRB has exclusive jurisdiction to adjudicate unfair labor practice charges arising under the PLRA. *Kerr v. Butler Building Trades Council, AFL-CIO,* 447 Pa. 247, 288 A.2d 525 (1972); Section 8 of the PLRA, 43 P.S. §211.8. And, whereas the unfair labor practice charge in the instant matter does not emanate from a bargaining impasse which would be subject to the arbitration provisions of Act 111, we read Act 111 to be *in pari materia* with the PLRA. *City of Coatesville v. Pennsylvania Labor Relations Board,* 77 Pa. Commonwealth Ct. 265, 465 A.2d 1073 (1983):[3] *See Philadel-*

---

[3] *City of Coatesville* involved Coatesville's refusal to bargain with its police officers. Similarly, in *County of Bucks v. Pennsylvania Labor Relations Board,* 77 Pa. Commonwealth Ct. 259, 465 A.2d 731 (1983), the PLRB was held to have jurisdiction when the unfair labor practice charge resulted from the termination of its park ranger program after the rangers were certified as employees under Act 111.

*phia Fire Officers Association v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 369 A.2d 259 (1977). Accordingly, the determination that the PLRB possessed exclusive original jurisdiction over the unfair labor practice charge in the case at bar was correct. *Local 302, International Association of Fire Fighters v. City of Allentown,* 55 Pa. Commonwealth Ct. 599, 423 A.2d 1119 (1980).

This conclusion does not, however, terminate this matter. Appellant has raised a number of other statutes and ordinances separate and apart from the PLRA as being in conflict with the agency shop clause herein. The court of common pleas does have jurisdiction to resolve disputes between the parties arising under an existing collective bargaining agreement under Act 111 absent an arbitration clause for such in the agreement or a mutual revocation of such a clause. *City of Allentown.* It also possesses jurisdiction to ascertain whether a provision of a collective bargaining agreement resulting from interest arbitration under Act 111, such as that herein, is in conflict with a controlling law and hence, invalid. *See Fraternal Order of Police v. Hickey,* 43 Pa. Commonwealth Ct. 236, 403 A.2d 131 (1979); *Allegheny County Fire-fighters Local 1038 v. County of Allegheny,* 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973). We, therefore, are constrained to hold that dismissal of Appellant's complaint was premature at this time and we remand this matter to the court of common pleas so that it may address the outstanding preliminary objections of the defendants as they pertain to the remaining charges of Appellant's complaint.

ORDER

Now, September 19, 1984, the order of the Court of Common Pleas of Philadelphia County in the above captioned matter, dated June 13, 1983, No. 4140 April

Term, 1983, is hereby affirmed insofar as it sustained the preliminary objections based on assertions of an unfair labor practice, but reversed in its conclusion that the Court is without subject matter jurisdiction to hear the cause of action based on the other grounds asserted. The matter is remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.