560 A.2d 928

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 83, AFL–CIO, Appellant,**

v.

**BOROUGH OF STATE COLLEGE, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 1988.

Decided June 23, 1989.

Jonathan Walters, Gary Gordon, Kirschner, Walters & Willig, Nancy B.G. Lassen, Alaine S. Williams, Philadelphia, Pa., for appellant.

Robert E. Durrant, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., Terry James Williams, Miller, Kistler & Campbell, Inc., State College, Pa., for appellee.

Before CRAIG and PALLADINO, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The basic issue presented in this case is whether an equity court or the Pennsylvania Labor Relations Board (PLRB)[1] has jurisdiction to compel an employer to arbitrate a grievance under Act 111. Counsel has not cited, nor have we found, any appellate court or PLRB decision considering this specific issue presented under Act 111.[2] For the reasons set forth below, we do not find that the Borough of State College's (Borough's) refusal to arbitrate a grievance, in itself, constitutes an unfair labor practice under Act 111 and the PLRA, enforceable by the PLRB. Rather, we find the refusal to arbitrate the grievance herein under Act 111 constitutes a breach of the parties' agreement and that a court of equity is the proper forum to order specific performance under general contract law, compelling arbitration of the grievance.

[1]. The PLRB is responsible for administering and enforcing the labor laws of the Commonwealth: Act of June 24, 1968, P.L. 237 *as amended*, 43 P.S. §§ 217.1–217.10 (Act 111) (covering collective bargaining by policemen and firemen); Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §§ 211.1–211.13 (PLRA); and the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301 (Act 195).

[2]. The Borough cites a PLRB hearing examiner's proposed decision, to which no exceptions were filed, holding that a township did not bargain in good faith by refusing to process a policeman's grievance to arbitration in violation of PLRA Sections 6(1)(a) and (e), 43 P.S. § 211.6(1)(a), (e), and Act 111. *Upper Providence Township*, 17 Pa. Pub.Employee Rep. (Labor Relations Press) ¶ 17159 (1986). We disagree with the hearing examiner's findings for reasons set forth herein.

The procedural and relevant facts are undisputed.[3] The American Federation of State, County and Municipal Employees, District Council 83, AFL–CIO (Union) is the exclusive bargaining agent for the police officers employed in the Borough. The parties, pursuant to Act 111, entered into a collective bargaining agreement (agreement) for the period from January 1, 1986 to December 31, 1987. The agreement provided, as required under Act 111, that there be no strikes or work stoppages and that disputes and grievances would be handled through the grievance procedure, and the last step that could be taken by either party was arbitration.

A dispute arose concerning the suspension and demotion of one of the Borough's policemen and the Union filed a grievance alleging violation of the "just cause" provision of the agreement.[4] It ultimately requested arbitration as provided under the agreement. The Borough refused to proceed to arbitration whereupon the Union filed a complaint in equity to compel the Borough to do so. The Borough filed preliminary objections alleging that the PLRB had exclusive jurisdiction of the matter. The trial court sustained the preliminary objections and dismissed the complaint for lack of subject matter jurisdiction. The Union has appealed from the order of dismissal. We reverse the trial court.

▬▬▬ Initially on appeal, the Union contends that the trial court erred in granting the demurrer. In determining whether to sustain the preliminary objections in the nature of a demurrer, all well-pled facts and inferences that may be deduced therefrom, but not conclusions of law, must be

3. We have not considered the procedural matters not relevant to our decision herein, including the Borough's position that the grievance was not processed timely under the agreement and that the Union's unfair labor practice charges filed by the PLRB were dismissed because of alleged unfair labor practice under Sections 1201(a)(1) and (5) of Act 195, 43 P.S. § 1101.1201(a)(1), (5), rather than under Sections 6(1)(a) and (e) of the PLRA. The PLRB did not address or make any findings whether the Borough's conduct constituted an unfair labor practice.

4. The parties' agreement provided that the Borough would not suspend, demote or discharge without just cause.

accepted as true. A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery and any doubts shall be resolved against sustaining the demurrer. *Travers v. Cameron County School District,* 117 Pa.Commonwealth Ct. 606, 544 A.2d 547 (1988).

The starting point of our inquiry is to recognize that employees covered by Act 111 are not, in any respect, covered by Act 195. Further, as a *quid pro quo* for eliminating the right to strike, the only method allowable for the settling of collective bargaining impasse disputes and grievances is arbitration. In *Chirico v. Board of Supervisors for Newton Township,* 504 Pa. 71, 78–79, 470 A.2d 470, 474–75 (1983),[5] the Court stated:

> Grievance disputes are properly handled within the framework of section 1 of Act 111, which provides that '[Employees] shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.' ... Thus the only method for settling grievance disputes allowable within the framework of Act 111 is arbitration.

The Court expanded upon its *Chirico* decision in *Township of Moon v. Police Officers of the Township of Moon,* 508 Pa. 495, 498 A.2d 1305 (1985).

The key to our analysis is the determination of whether an employer's refusal to proceed to arbitration in Act 111–related cases is an unfair labor practice under the PLRA. Our Supreme Court in *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 369 A.2d 259 (1977), declared that the PLRA was to be read *in pari materia* with Act 111 where the situation warrants and that, so read, such statutes implied that the PLRB should conduct representation elections for firemen. Also, this Court has held that the PLRB has jurisdiction over an unfair labor practice which violates Sections 6(1)(a) and (e) of the PLRA in an Act 111 case. *City of Coatesville v.*

5. *Appeal after remand,* 88 Pa.Commonwealth Ct. 120, 488 A.2d 1180 (1985), *aff'd in part, rev'd in part,* 518 Pa. 572, 544 A.2d 1313 (1988).

*Pennsylvania Labor Relations Board,* 77 Pa. Commonwealth Ct. 265, 465 A.2d 1073 (1983).

■ What we have in this case is a dispute or grievance arising out of the interpretation of the provisions of the parties' agreement. The Union argues that the Borough's refusal to arbitrate its member's grievance does not constitute, in itself, an unfair labor practice under PLRA Sections 6(1)(a) and (e), which prohibit, respectively, interference with an employee's exercise of his statutory rights and the employer's refusal to bargain collectively in good faith with the employees' bargaining representative. We agree.

Act 195 and the PLRA expressly grant to the PLRB the authority to administer and enforce relevant provisions of those statutes. However, Act 111 does not grant to the PLRB the authority to oversee the collective bargaining, administration and enforcement of the agreements governing police and firemen. Act 195 specifically sets forth the collective bargaining procedures to be followed by public employees other than policemen and firemen, including mediation, fact finding and, under Section 903, 43 P.S. § 1101.903, mandatory grievance arbitration. Based thereon, the PLRB has found in Act 195 cases that the failure to follow these provisions, including an employer's refusal to arbitrate, is an unfair labor practice and that it has the authority to compel arbitration. *North Star School District v. Pennsylvania Labor Relations Board,* 35 Pa.Commonwealth Ct. 429, 386 A.2d 1059 (1978); *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board,* 30 Pa.Commonwealth Ct. 403, 373 A.2d 1175 (1977) *(APSCUF); West Mifflin Area School District,* 5 Pa.Pub.Employee Rep. (Labor Relations Press) ¶ 51 (1974).

The PLRB has not found an employer's refusal in Act 111 cases to follow the grievance procedure, including arbitration, to be an unfair labor practice under the PLRA. This is consistent with the well-established policy of the National Labor Relations Board (NLRB) to dismiss unfair labor practice charges alleging a refusal to proceed to grievance

arbitration. *See, e.g., Sucesion Mario Mercado E. Hijos,* 161 N.L.R.B. 696 (1966). In *Borough of New Cumberland v. Police Employees of the Borough of New Cumberland,* 51 Pa.Commonwealth Ct. 435, 414 A.2d 761 (1980), the PLRB determined that the borough's charges did not state a case of unfair labor practice and refused to issue a complaint based on the union's intent to seek binding arbitration under Act 111.

 In our view, a refusal to proceed to arbitration in Act 111 cases does not constitute an unfair labor practice under the PLRA or Act 111. Therefore, the PLRB lacks authority to compel the parties to submit the grievance to arbitration, leaving the Union without an adequate remedy at law. Although Act 111 does not set forth the specific mechanisms for compelling enforcement of arbitration agreements, the proper remedy where there is a right to equitable relief is for the court of equity to compel arbitration.[6] Accordingly, enforcement of the parties' agreement to arbitrate may be accomplished by the parties' seeking specific performance of their contract in the equity courts and not by the filing of an unfair labor practice charge with the PLRB in Act 111 cases.[7] The judicial inquiry in such cases is limited to two questions: 1) was an agreement to

**6.** In *Milberry v. Board of Education of the School District of Philadelphia,* 467 Pa. 79, 354 A.2d 559 (1976), the Supreme Court affirmed the common pleas court ordering the school board to submit a grievance to arbitration in accordance with the parties' agreement. In *APSCUF,* when the Commonwealth refused to arbitrate a grievance, claiming it was not arbitrable, the union filed a charge with the PLRB which dismissed the charge. This Court stated in footnote 1:

APSCUF could have elected to bring an action for specific performance to compel the Commonwealth to honor the grievance provision of their collective bargaining agreement. Whether or not APSCUF's complaint was a grievance and, therefore, arbitrable could then have been determined by the appropriate equity court. See Milberry.

*Id.,* 30 Pa.Commonwealth Ct. at 407, n. 1, 373 A.2d at 1177, n. 1 (citation omitted).

**7.** We note that we have upheld a court of common pleas' order compelling arbitration in *City of Erie v. International Association of Firefighters,* 104 Pa.Commonwealth Ct. 394, 522 A.2d 132 (1987). While jurisdiction was not an issue in that case, the opinion discusses factors which may well be pertinent on remand.

arbitrate entered into; and 2) does the dispute involved fall within the arbitration clause. *Lincoln University of the Commonwealth System of Higher Education v. Lincoln University Chapter of the American Association of University Professors,* 467 Pa. 112, 354 A.2d 576 (1976).

The trial court's reliance on *Kerr v. Butler Building Trades Council, AFL–CIO,* 447 Pa. 247, 288 A.2d 525 (1972), which involved a preemption question relating to the jurisdiction of the NLRB or PLRB over an alleged secondary boycott charge, and the cases cited by the Borough for the proposition that the PLRB has jurisdiction to determine whether certain conduct is arguably an unfair labor practice, are misplaced, and non-relevant to the issue herein. The Borough cited *Hollinger v. Department of Public Welfare,* 469 Pa. 358, 365 A.2d 1245 (1976), arguing that if a party seeks redress of conduct which even *arguably* constitutes an unfair labor practice, the PLRB has exclusive jurisdiction to determine whether an unfair labor practice has, in fact, occurred and to prevent its continuation. In *Hollinger,* an Act 195 case, the Court followed the same procedure it later did in *Ziccardi v. Commonwealth,* 500 Pa. 326, 456 A.2d 979 (1982), by looking to the statutory definition of unfair labor practice. It determined that contested deductions of union dues from employees' paychecks arguably fell within the statutory definition of unfair labor practice which prohibited public employers from interfering with the exercise of employee rights, guaranteed by Act 195, one of which was the right to refrain from joining a union. Neither the suspension and demotion or the request to compel arbitration are arguably unfair labor practices under the PLRA and Act 111.

For the foregoing reasons the order of the trial court sustaining the Borough's preliminary objections is vacated and we shall remand the matter to that court for further proceedings.

## ORDER

AND NOW, this 23rd day of June, 1989, the order of the Court of Common Pleas of Centre County in the above-cap-

tioned matter is hereby vacated and the case is remanded for further proceedings.

Jurisdiction relinquished.