596 A.2d 1197

**BOROUGH OF NAZARETH, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided Aug. 13, 1991.

Reargument Denied Oct. 4, 1991.

Edward H. Feege, Bethlehem, for petitioner.

Peter Lassi, Harrisburg, for respondent.

Anthony C. Busillo, II, Harrisburg, for intervenor Nazareth Police Ass'n.

Before SMITH and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Borough of Nazareth (Borough) petitions this Court for review of a determination of the Pennsylvania Labor Relations Board (PLRB) that the Borough had engaged in an unfair labor practice by refusing to submit to arbitration

with the Nazareth Police Association following an impasse in collective bargaining negotiations relating to a new contract for members of the Borough's police force. For the reasons set forth in this opinion, we find that the circumstances here do not involve an unfair labor practice, which would fall within PLRB's jurisdiction, but instead concern the failure of the Borough to comply with a statutory mandate.

The Nazareth Police Association (Association) claims to be the bargaining unit for the members of the Borough's police department. The record reveals that the Borough entered into contract negotiations with representatives of the Association in June of 1989. A second bargaining session was held in August 1989. Immediately following conclusion of this second session, the members of the Association decided to declare that the negotiations had reached an impasse. The Borough was notified of this decision by letter dated August 22, 1989,[1] which letter also notified the Borough of the Association's intention to proceed to arbitration in accordance with Section 4 of Act 111.[2] However, the Borough refused to name an arbitrator, as called for in Section 4(b) of Act 111.

In September 1989, the Association filed an unfair labor practice charge with PLRB, alleging that the Borough's refusal to name an arbitrator constituted a violation of Section 6(1)(a) and (e) of the Pennsylvania Labor Relations Act.[3] Following hearings on the matter, PLRB issued an adjudication in which it concluded that the Borough did engage in an unfair labor practice. The Borough now petitions this Court for review of PLRB's determination.

■ Our scope of review of a PLRB adjudication is limited to determining whether a violation of constitutional rights or an error of law has been committed, or whether the findings of fact are supported by substantial evidence.

1. This letter appears in the record, marked as Joint Exhibit J–3.
2. Act of June 24, 1968, P.L. 237, 43 P.S. § 217.4.
3. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. § 211.6(1)(a) and (e).

*Harbaugh v. Pennsylvania Labor Relations Board,* 107 Pa. Commonwealth Ct. 406, 528 A.2d 1024 (1987). Because we find that PLRB committed an error of law in its decision in the present case, we will reverse that decision.

 The Borough presents three issues for our consideration. First, the Borough contends that PLRB lacks jurisdiction over an unfair labor practice charge in which a public employee bargaining unit seeks to compel a public employer to proceed to arbitration under Act 111. Rather, the Borough contends that the appropriate course of action in that circumstance would be for the public employee bargaining unit to file an action in mandamus with the common pleas court.

We do not agree with the Borough's characterization of this matter as concerning an unfair labor practice over which PLRB lacks jurisdiction. PLRB has jurisdiction over unfair labor practices. However, we do not view the Borough's refusal to name an arbitrator in this instance as constituting an unfair labor practice. Rather, the Borough's refusal to name an arbitrator here constitutes a failure to comply with the statutory requirements set forth in Section 4 of Act 111. In our view, the remedy which an Act 111 employee organization must invoke to enforce compliance with the provisions of Act 111 by a public employer is mandamus.

In *Hartshorn v. County of Allegheny,* 460 Pa. 560, 333 A.2d 914 (1975), the Pennsylvania Supreme Court ruled that mandamus was the proper remedy to enforce Act 111 collective bargaining rights where a public employee labor organization sought to compel a public employer to proceed to interest arbitration. To date, the *Hartshorn* ruling has not been disturbed by legislation or subsequent Supreme Court case law. Consequently, we see no reason why *Hartshorn* does not control in the present situation. *See also Board of Commissioners of Montgomery County v. Lukens,* 51 Pa. Commonwealth Ct. 576, 415 A.2d 118 (1980), *affirmed,* 494 Pa. 64, 428 A.2d 972 (1981).

The Association attempts to discount *Hartshorn* on grounds that it was decided prior to the Supreme Court's decision in *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board*, 470 Pa. 550, 369 A.2d 259 (1977), which decision construed Act 111 *in pari materia* with the Pennsylvania Labor Relations Act, so as to empower PLRB to conduct representation elections for members of collective bargaining units covered by Act 111. However, *Philadelphia Fire Officers* cannot be read as overruling *Hartshorn*. In *Philadelphia Fire Officers*, the Supreme Court rejected the suggestion that Act 111 collective bargaining unit representation questions should be resolved in mandamus proceedings, or that common pleas courts should conduct representation elections, and held instead that PLRB is the proper body to resolve such representation disputes. The Supreme Court did not use this holding to overrule *Hartshorn*, but rather, distinguished the case on grounds that *Hartshorn* did not involve a question of collective bargaining unit representation. Nothing in *Philadelphia Fire Officers* indicates that mandamus is no longer the remedy to be used by an Act 111 collective bargaining unit which seeks to compel a public employer to submit to arbitration.

Moreover, this Court has held that, while PLRB has jurisdiction under the Pennsylvania Labor Relations Act to decide unfair labor practice charges involving Act 111 employees, *City of Philadelphia v. Pennsylvania Labor Relations Board*, 138 Pa. Commonwealth Ct. 113, 588 A.2d 67 (1991); *City of Coatesville v. Pennsylvania Labor Relations Board*, 77 Pa. Commonwealth Ct. 265, 465 A.2d 1073 (1983), a public employer's refusal to proceed to arbitration with an Act 111 bargaining unit does not constitute an unfair labor practice under Act 111 or the Pennsylvania Labor Relations Act. *AFSCME v. Borough of State College*, 127 Pa. Commonwealth Ct. 71, 560 A.2d 928 (1989).

In *AFSCME*, the parties had entered into a collective bargaining agreement which provided, as required by Act 111, that disputes and grievances would be handled by a

grievance procedure which included arbitration as the final step. The Borough of State College refused to proceed to arbitration, as AFSCME had requested. We concluded that enforcement of the parties' agreement to arbitrate grievances should be accomplished through an action seeking specific performance of the agreement in a court of equity, and not by the filing of an unfair labor practice charge with PLRB.

More importantly, we pointed out that, while the Pennsylvania Labor Relations Act expressly gives PLRB the authority to administer and enforce the provisions of that Act, "Act 111 does not grant to PLRB the authority to oversee the collective bargaining, enforcement and administration of the agreements governing police and firemen." *Id.*, 127 Pa.Commonwealth Ct. at 76, 560 A.2d at 930. Mindful of that previous assessment of the scope of PLRB's authority in Act 111 situations, we conclude that the circumstances of the present case, where a public employer refuses to proceed to interest arbitration following an impasse, as called for in Section 4 of Act 111, do not involve an unfair labor practice by the Borough, and further conclude that PLRB had no authority to order the parties to proceed to interest arbitration.

We recognize that the circumstances in *AFSCME*, involving grievance arbitration under the terms of a collective bargaining agreement, differ from the present situation, where a party seeks to compel interest arbitration under Act 111. However, we hold to the view expressed in *AFSCME* that, although Act 111 does not set forth a specific method for enforcement of its arbitration provisions, "the proper remedy where there is a right to equitable relief is for the court of equity to compel arbitration." *Id.*, 127 Pa.Commonwealth Ct. at 77, 560 A.2d at 931.[4] We believe that view has even greater force here,

4. It has frequently been noted by the courts of this Commonwealth that, although an action in mandamus lies on the law side of the court, equitable principles guide the courts in deciding whether or not the writ should be issued. *See, e.g., City of Pittsburgh v. Department of Transportation*, 490 Pa. 264, 416 A.2d 461 (1980); *Keith v. Pennsylvania Board of Probation and Parole*, 76 Pa. Commonwealth Ct. 544, 464 A.2d 659 (1983).

where the Borough's failure to proceed to arbitration is not merely a violation of a contract provision, as in *AFSCME*, but a violation of a statutory mandate. The Association simply pursued the wrong course of action in this matter by filing an unfair labor practice charge with PLRB. Since PLRB has concluded otherwise, its determination and order will be reversed.

The remaining two issues presented in this appeal are issues which the Borough raised as new matter in its response to the Association's complaint with PLRB. In these two issues, the Borough contends that it is not obligated to proceed to arbitration with the Association because the Association has not been certified by PLRB as the collective bargaining representative for members of the Borough's police force, and because the Association, it is alleged, did not fulfill its obligation to bargain in good faith. In light of our decision that the Association's complaint was not properly addressed to PLRB, we shall not review its determination as to these two issues.

Pursuant to the foregoing discussion, the order of PLRB is reversed.

## ORDER

AND NOW, August 13, 1991, the order of the Pennsylvania Labor Relations Board entered in the above-captioned matter is hereby reversed.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. I would hold that the refusal of a governmental body to proceed to Act 111 [1] arbitration is subject to the "unfair labor practice" procedures set forth in the Pennsylvania Labor Relations Act (P.L.R.A.).[2]

In *Philadelphia Fire Officer's Association v. P.L.R.B.*, 470 Pa. 550, 369 A.2d 259 (1977), our Supreme Court con-

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10.
2. Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §§ 211.1–211.13.

fronted the absence of any procedural framework in Act 111 by stating:

> The difficulty pointed up by the case at bar is that of these three statutes (PLRA, Act No. 111, and the PERA), the first and the last provide detailed and explicit procedures for the determination of collective bargaining representatives and the prevention of unfair labor practices, while the second, Act No. 111, provides for collective bargaining generally but is lacking altogether in the specific provisions normally found in a collective bargaining statute....
>
> * * * * * *
>
> The PLRA is a statute which deals extensively and in detail with the procedure for selecting bargaining representatives, with the means of preventing coercion of employees in the free exercise of their rights, and with the subject of collective bargaining in general ... We are instructed by the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1932 ... that statutes which are *in pari materia* are to be construed together, if possible, as one statute. We are of the opinion that the PLRA and Act No. 111, which are both, after all, collective bargaining statutes, are *in pari materia* within the meaning of that provision.

470 Pa. at 554–55, 369 A.2d at 261.

Even though the Court stated that Act 111 and the P.L.R.A. should be read *in pari materia*, it recognized:

> [A]ct No. 111 provides its own unique and specific procedure, namely, binding arbitration, as the final resort in the event of a bargaining impasse. These provisions of Act No. 111, enacted later than the PLRA, are of course, controlling where the situation warrants. (Citations omitted.)

470 Pa. at 558, 369 A.2d at 262.

As to whether the failure of any party to proceed to Act 111 arbitration is subject to the unfair labor practice charge, the test is whether Act 111 contains provisions that

are controlling and preclude the reading of P.L.R.A. *in pari materia* with Act 111.

Act 111 contains no language nor can any statutory intent be discerned that would preclude the application of the unfair labor practice provisions of the P.L.R.A. when a party fails to proceed to Act 111 interest arbitration. On the contrary, such an application would foster the goals of Act 111 by providing a procedural framework that would foster orderly labor relations. Because Act 111 is not controlling and the P.L.R.A. can be read into Act 111 *in pari materia*, I would affirm the PLRB.[3]

**3.** As to the continued viability of *Hartshorn v. County of Allegheny,* 460 Pa. 560, 333 A.2d 914 (1975), I believe it has been implicitly overruled by *Philadelphia Fire Officer's.*