626 A.2d 493

**BOROUGH OF NAZARETH, Appellee,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Appellant,**

**and**

Nazareth Police Association, Appellee.

**BOROUGH OF NAZARETH, Appellee,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Appellee,**

**and**

Nazareth Police Association, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 25, 1993.

Decided May 26, 1993.

12

James L. Crawford, Harrisburg, for P.L.R.B.

Anthony C. Busillo, II, Harrisburg, for Nazareth Police Ass'n.

Edward H. Feege, Lehigh Valley, for Borough of Nazareth.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The appeals of Appellant Pennsylvania Labor Relations Board (PLRB) and Intervenor–Appellant Nazareth Police Association (Association) were consolidated to address the com-

mon issue of whether an employer's failure to proceed to interest arbitration pursuant to Section 4 of Act 111 is an unfair labor practice over which the PLRB has jurisdiction.[1]

Appellant Association entered into contract negotiations with the Appellee Borough of Nazareth in June of 1989. A second bargaining session was held in August 1989. When the negotiations reached an impasse, the Appellant Association notified the Appellee Borough of the Association's intention to proceed to interest arbitration in accordance with Section 4 of Act 111[2] and the Borough refused to participate.

In September 1989, Appellant Association filed an unfair labor practice charge with the PLRB, alleging that the Borough's refusal to name an arbitrator constituted a refusal to bargain in good faith in violation of Section 6(1)(a) and (e) of the Pennsylvania Labor Relations Act (PLRA)[3] and Act 111. The Appellee Borough defended its position by asserting that the Appellant Association was not a properly constituted bargaining representative and that the Borough was justified in refusing to proceed to interest arbitration because the Association allegedly had engaged in bad faith bargaining.

1. Interest arbitration contemplates an inability of the parties to agree on terms of a collective bargaining agreement. *Geriot v. Council of Borough of Darby*, 491 Pa. 63, 69, n. 6, 417 A.2d 1144, 1147, n. 6 (1980).

2. Act of June 24, 1968, P.L. 237, 43 P.S. § 217.4. Section 4(a) of Act 111, reads in pertinent part:

   (a) If in any case of a dispute between a public employer and its policemen or firemen employes the collective bargaining process reaches an impasse and stalemate, ... then either party to the dispute, after written notice to the other party containing specification of the issue or issues in dispute, may request the appointment of a board of arbitration.

3. Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. § 211.6(1)(a) and (e). The cited sections provide:

   Section 6. Unfair Labor Practices—(1) it shall be an unfair labor practice for an employer—
   (a) To interfere with, restrain or coerce employes in the exercise of the rights guaranteed in this act.

   *       *       *       *       *       *

   (e) To refuse to bargain collectively with the representatives of the employes, subject to the provisions of section seven (a) of this act.

The PLRB held that the Borough's refusal to arbitrate constituted an unfair labor practice. The PLRB further determined that the Appellant Association was the appropriate representative for the Borough's police officers and that alleged bad faith bargaining by employees covered by Act 111 did not justify an employer's refusal to proceed to interest arbitration. The Board directed the Appellee Borough to proceed to interest arbitration pursuant to Act 111.

A divided panel of the Commonwealth Court reversed the PLRB's Final Order, holding that the PLRB lacked jurisdiction to issue an order compelling a public employer to proceed to Act 111 interest arbitration; and the appropriate procedure would have been for Appellant Intervenor to seek mandamus in a Court of Common Pleas, 141 Pa.Cmwlth. 678, 596 A.2d 1197.[4] [Smith and Barbieri, JJ., with Pellegrini, J., dissenting.] In the dissenting opinion, Judge Pellegrini contended that the PLRA and Act 111 must be read *in pari materia* and, because Act 111 contains no language that would preclude application of the unfair labor practice provisions of the PLRA, the Board had jurisdiction.

In reaching its decision, the Commonwealth Court relied on our decision in *Hartshorn v. County of Allegheny*, 460 Pa. 560, 333 A.2d 914 (1975), which held that mandamus was the proper remedy to enforce Act 111 collective bargaining rights when a public employee labor organization sought to compel a public employer to proceed to interest arbitration. However, *Hartshorn* was decided prior to our decision in *Philadelphia Fire Officers Association v. Pennsylvania Labor Relations Board*, 470 Pa. 550, 369 A.2d 259 (1977).

4. In light of the Commonwealth Court's ruling that the PLRB did not have jurisdiction over this matter, the Commonwealth Court decided that it was unnecessary to reach the additional issues regarding whether the Association was the proper representative for the Police and whether the Borough was justified in refusing to proceed to interest arbitration because the Association allegedly bargained in bad faith.

Appellants did not raise these additional issues in their Petitions for Allowance of Appeal pursuant to Pa.R.A.P. 1115(a)(3). Therefore, these issues are not properly before us.

In *Philadelphia Fire Officers,* we held that it was necessary to read Act 111 *in pari materia* with the PLRA, not only to provide a mechanism for resolving representation questions, but also to protect and foster the process of collective bargaining between parties. We acknowledged the absence of any procedural framework in Act 111 by stating:

> The difficulty pointed up by the case at bar is that of these three statutes (PLRA, Act No. 111, and the PERA), the first and the last provide detailed and explicit procedures for the determination of collective bargaining representatives and the prevention of unfair labor practices, while the second, Act No. 111, provides for collective bargaining generally but is lacking altogether in the specific provisions normally found in a collective bargaining statute.
>
>     \*    \*    \*    \*    \*    \*
>
> The PLRA is a statute which deals extensively and in detail with the procedure for selecting bargaining representatives, with the means of preventing coercion of employees in the free exercise of their rights, and with the subject of collective bargaining in general.... We are instructed by the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1932 (Supp.1976–77), that statutes which are *in pari materia* are to "be construed together, if possible, as one statute." We are of opinion that the PLRA and Act No. 111, which are both, after all, collective bargaining statutes, are *in pari materia* within the meaning of that provision.

*Philadelphia Fire Officers,* 470 Pa. at 554–555, 369 A.2d at 261. While the provisions of Act No. 111 were enacted later than the PLRA and, of course, are controlling where the situation warrants, unlike the PLRA and the Public Employe Relations Act (PERA), Act 111 does not have a specific section which addresses unfair labor practices. Additionally, although Act 111 does not contain a section which specifically gives the PLRB jurisdiction, the PLRB is empowered under Section 8 of the PLRA (43 P.S. § 211.8(a)) to prevent any person from engaging in any unfair labor practice listed in Section 6 of the act.

While the Commonwealth Court concedes that the PLRB has jurisdiction over unfair labor practices, the Court stated that the Borough's refusal to name an arbitrator in this instance was not an unfair labor practice, but rather a failure to comply with the statutory requirements set forth in Section 4 of Act 111. However, this Court has held in prior public sector cases, that the refusal to arbitrate pursuant to a statutory duty is an unfair practice. *See, e.g., Commonwealth of Pennsylvania v. PLRB, et al.,* 528 Pa. 472, 598 A.2d 1274 (1991). *PLRB v. Bald Eagle Area School District,* 499 Pa. 62, 451 A.2d 671 (1982).

■ Additionally, the PLRB is in the best position to resolve *all* unfair labor practice issues.[5] In *City of Philadelphia v. Labor Relations Board,* the Commonwealth Court noted that the PLRB:

[P]ossesses administrative expertise in the area of public employee labor relations and that great deference ought to be given to the PLRB's assessment of the often competing concerns relevant to the issue of whether the conduct of an employer or a union constitutes a refusal to meet the mutual obligation to bargain in good faith.

138 Pa.Commw. 113, 120, 588 A.2d 67, 71 (1991), *appeal denied,* 528 Pa. 632, 598 A.2d 285 (1991) (quoting *Richland School District v. Pennsylvania Labor Relations Board,* 71 Pa.Commw. 45, 454 A.2d 649 (1983)).

■ Therefore, we hold that the Borough's failure to proceed to interest arbitration under Act No. 111 is an unfair

5. Issues involving the composition of a bargaining unit and the ability to represent the employees in question are within the exclusive jurisdiction of the PLRB. *Commonwealth v. Conf. of State Police Lodges,* 525 Pa. 40, 47, 575 A.2d 94, 98 (1990). It would be policy-defeating to determine that the Association must litigate the representational questions at issue in this matter before the Board, and presumably on appeal through the Courts, only to conclude such litigation by finding it necessary to start the process all over again in a mandamus proceeding to compel arbitration. All issues raised should be brought before the a single agency with competent jurisdiction and expertise to resolve the entire controversy. To hold otherwise would put the Association in the burdensome situation of being unable to get full relief either before the board or before a court.

labor practice over which the PLRB has jurisdiction. We also hold that under the language of Section 4 of Act 111, both employee and employer have the right to file an unfair labor practice petition with the PLRB to compel the other party to proceed to interest arbitration.

Accordingly, the order of the Commonwealth Court is reversed and the Final Order of the PLRB is reinstated.

NIX, C.J., concurs in the result.