634 A.2d 711

**POTTSTOWN POLICE OFFICERS' ASSOCIATION, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1993.

Decided Nov. 22, 1993.

88

Anthony C. Busillo, II, for petitioner.

James L. Crawford, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and KELLEY, JJ.

PALLADINO, Judge.

The Pottstown Police Officers' Association (Association) appeals from a final order of the Pennsylvania Labor Relations Board (PLRB) which affirmed the decision of the Secretary of the PLRB (Secretary) not to issue a complaint based on the charge of unfair labor practices brought by the Association against the Borough of Pottstown (Borough).

On July 22, 1992, the Association filed a charge of unfair labor practices with the PLRB. Specifically, the Association

alleged that a grievance was filed on behalf of Officer Charles McClincy concerning improper payment of premium wages for appearances before magistrates. The Association further alleged that the grievance was resolved in favor of Officer McClincy and that the matter was then forwarded to Borough officials. Finally, the Association alleged that the Borough took no action in response to the resolution of the dispute in Officer McClincy's favor.

The Association asserted that the Borough's alleged refusal to comply with the resolution of the grievance procedure constitutes an unfair labor practice in violation of Act 111 [1] and the Pennsylvania Labor Relations Act.[2]

In response to the Association's charge, the Secretary concluded that the PLRB does not have unfair practice jurisdiction over the administration and enforcement of grievance procedures under Act 111, citing *AFSCME v. Borough of State College*, 127 Pa. Commonwealth Ct. 71, 560 A.2d 928 (1989) in support of her decision.[3] Therefore, the Secretary declined to issue a complaint and dismissed the charges.

The Association filed exceptions to the Secretary's decision. After reviewing the charge of unfair labor practices and the exceptions, the PLRB issued a final order dismissing the exceptions and affirming the decision of the Secretary. The Association appealed to this court.

The sole issue presented for our consideration is whether the PLRB has jurisdiction to determine whether an employer's alleged refusal to comply with the dispute resolution provisions of an Act 111 collective bargaining agreement is an unfair labor practice.

1. Collective Bargaining by Policemen or Firemen Act, Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10.

2. Pennsylvania Labor Relations Act (PLRA), Act of June 1, 1937, P.L. 1168, No. 294, *as amended,* 43 P.S. §§ 211.1–211.13.

3. In *State College,* a panel of this court concluded that a public employer's refusal to proceed to arbitrate a grievance with an Act 111 bargaining unit did not constitute an unfair labor practice and was, therefore, not within the jurisdiction of the PLRB. Both the Association and the PLRB assert that *State College* was wrongly decided and request that we re-examine and overrule the panel decision.

■ Act 111 grants police and fire employes the right to bargain collectively and mandates that their grievances or disputes be resolved in arbitration. Specifically, the Act provides that:

Policemen or firemen employed by a political subdivision of the Commonwealth or by the Commonwealth shall, through labor organizations or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.

43 P.S. § 217.1.

■ However, Act 111 does not identify a statutory structure for the resolution of unfair labor practice issues. The supreme court addressed this problem in *Philadelphia Fire Officer's Association v. Pennsylvania Labor Relations Board,* 470 Pa. 550, 369 A.2d 259 (1977). Specifically, the supreme court concluded that because the PLRA deals extensively and in detail with the subject of collective bargaining and Act 111 provides for collective bargaining generally but is altogether lacking in the specific provisions normally found in a collective bargaining statute, Act 111 must be read *in pari materia* with the PLRA. Therefore, the specific provisions of Act 111 control when the situation warrants, but in the absence of specific provisions one must rely on the statutory procedural framework created in the PLRA.

Act 111 has been interpreted as mandating both interest and grievance arbitration.[4] *See* 43 P.S. § 217.4; Article III,

---

4. Interest arbitration concerns the "inability of the parties to agree on terms of a collective bargaining agreement." *Geriot v. Council of Borough of Darby,* 491 Pa. 63, 69, n. 6, 417 A.2d 1144, 1147, n. 6 (1980). Grievance arbitration involves the "resolution by a third party of a dispute between public employer and public employee over the proper interpretation of an existing collective bargaining agreement." *Township of Moon v. Police Officers of the Township of Moon,* 508 Pa. 495, 501, n. 5, 498 A.2d 1305, 1308, n. 5 (1985).

§ 31 of the Pennsylvania Constitution; *Township of Moon v. Police Officers of the Township of Moon,* 508 Pa. 495, 498 A.2d 1305 (1985). Moreover, arbitration under Act 111 has been determined to be an extension of the collective bargaining process. *Dunmore Police Association v. Borough of Dunmore,* 107 Pa. Commonwealth Ct. 306, 528 A.2d 299 (1986), *petition for allowance of appeal denied,* 518 Pa. 651, 544 A.2d 963 (1988).

Act 111 lacks any unique and specific procedures for dealing with an employer's refusal to collectively bargain. *City of Coatesville v. Commonwealth of Pennsylvania, Labor Relations Board,* 77 Pa. Commonwealth Ct. 265, 465 A.2d 1073 (1983). Therefore, we look to the provisions of the PLRA. *Philadelphia Fire Officers.* Under Section 6(1)(e) of the PLRA, it is an unfair labor practice for an employer to refuse to bargain collectively with the representatives of his employes. 43 P.S. § 211.6(1)(e). In addition, the PLRB is specifically empowered to prevent any person from engaging in any unfair labor practice listed in Section 6 of the PLRA. 43 P.S. § 211.8(a).

Accordingly, reading Act 111 and the PLRA *in para materia,* we conclude that the PLRB has jurisdiction to determine whether an employer's alleged refusal to arbitrate grievances filed on behalf of an employe is an unfair labor practice. Because this conclusion is in direct conflict with the conclusion reached by a panel of this court in *AFSCME v. Borough of State College,* 127 Pa. Commonwealth Ct. 71, 560 A.2d 928 (1989), *State College* is expressly overruled.

We find support for the rationale adopted above in *Borough of Nazareth v. Pennsylvania Labor Relations Board and Nazareth Police Association,* 534 Pa. 11, 626 A.2d 493 (1993), a recent decision by our supreme court which involved an employer's refusal to participate in interest arbitration. In reversing a divided panel decision of this court, the supreme court noted that the PLRB is in the best position to resolve all unfair labor practice issues. Therefore, the court concluded that the PLRB had jurisdiction to determine whether an employer's failure to proceed to interest arbitration pursuant

to the requirements of Act 111 was an unfair labor practice. *Nazareth.*

■ With respect to the specific issue presented in this appeal, the Association asserts that the Borough's alleged refusal to comply with the result of the dispute resolution process must be treated in the same manner as an employer's refusal to participate in the dispute resolution process. We agree.

The dispute resolution process between the Borough and the Association is defined by the provisions of the Act 111 collective bargaining agreement into which the parties voluntarily entered. Having concluded earlier in this opinion that an employer's refusal to arbitrate grievances filed on behalf of an employe is an unfair labor practices over which the PLRB has jurisdiction, we likewise conclude that the PLRB has jurisdiction to determine whether an employer's alleged failure to comply with the result of the contractually defined grievance process is an unfair labor practice.

Accordingly, the order of the PLRB, which refused to grant a complaint based upon the unfair labor practices charge filed by the Association, is vacated. The matter is remanded to the PLRB with instructions to issue a complaint on the charges.

## *ORDER*

AND NOW, November 22, 1993, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is vacated. The matter is remanded to the PLRB with instructions to issue a complaint based upon the charge of unfair labor practices brought by the Pottstown Police Officers' Association against the Borough of Pottstown.

Jurisdiction relinquished.