LEWISTOWN POLICE ASSOCIATION,
By and Through its Trustee Ad
Litem, Robert Rarick,

v.

MIFFLIN COUNTY REGIONAL POLICE DEPARTMENT, James F. Ripka, John E. McCullough, Doris S. Kauffman, Steven C. Blessing, Donald S. Kauffman, William E. Rittenhouse, Jr., The Borough of Lewistown, Samuel J. Lewis, Richard J. Quilter, Doris F. Kauffman, Barbara Bratton, Joseph H. Martin, Jr., and Fred E. Saxton.

The Borough of Lewistown, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 4, 1995.

Decided July 11, 1995.

---

Vincent Candiello, for appellant.

Anthony C. Busillo, II, for appellee.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

An "Intermunicipal Agreement"[1] (Agreement) between the Borough of Lewistown (Borough), Derry Township, and Bratton Township established the Mifflin County Regional Police Department (RPD). Section 5.2 of the Agreement delegates to the RPD all of the functions, powers, and responsibilities which the municipalities had with respect to the operation, management, and administration of a police department. Among those powers so delegated to the RPD is the authority to establish, regulate, determine benefits, fund, and administer a police pension fund under Act 600.[2] The Agreement likewise delegates to the RPD all of the functions, powers and responsibilities which the municipalities possessed with respect to collective bargaining for uniformed officers under Act 111.[3]

The RPD commenced operations on August 27, 1993.[4] At that time, the Lewistown Police Association (Association) was the collective bargaining representative for the po-

lice forces from both the Borough and Derry Township.[5] The respective collective bargaining agreements were in effect until December 31, 1993 and when the RPD and the Association were unable to reach a new collective bargaining agreement, the dispute was submitted to a panel of arbitrators pursuant to Section 4 of Act 111, 43 P.S. § 217.4.

On January 10, 1994, the panel issued an award which provided, in pertinent part with respect to pension benefits, as follows:

2. *POLICE PENSION FUND*

(A) The Lewistown Police Pension Fund and the Derry Township Police Pension Fund *shall be consolidated* and contain the following provisions:

. . . . .

(6) Upon the completion of 25 years of service and attaining age 50, an officer shall receive a *monthly pension benefit calculated at 70% of his or her final average salary;*

(B) Prior to the consolidation of the two pension plans, *employee contributions made by all police officers* employed by Derry Township and Lewistown Borough *shall be returned to the officers* who are employed as of the date of this award with interest calculated at 5%.

(C) Municipal contributions made by either Derry Township or Lewistown Borough out of the municipality's general fund budget, excluding Act 205 monies, shall be distributed to the Mifflin County Regional Police Department with interest calculated at 5%. (Emphasis added.)

(R.R. 57a–58a.) No appeal was taken from the arbitration award.

On February 11, 1994, Police Officer Robert Rarick (Officer Rarick)[6] advised the

1. *See* Act of July 12, 1972, P.L. 180, *as amended,* 53 P.S. §§ 481–490 (cooperation in government functions).

2. Act of May 24, 1893, P.L. 129, *as amended,* 53 P.S. §§ 761–778.

3. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10.

4. The RPD operated under the direction and control of a board of directors (Board) consisting

of two voting members from each of the three municipalities.

5. Although not indicated any where in the record, the Association notes in a footnote contained in its brief to this Court that Bratton Township did not have a police force.

6. Officer Rarick was employed by the Borough as a police officer prior to becoming part of the RPD on August 27, 1993 pursuant to the Agreement.

RPD of his intent to retire, effective March 5, 1994, consistent with the terms of the arbitration award. On February 24, 1994, the RPD informed Officer Rarick that it was not going to be able to honor his request to retire because the Borough was refusing to implement the arbitration award. The Borough has maintained that Act 600 precludes it from complying with the pension provisions of the award.[7] On March 9, 1994, the Association filed an unfair labor practice charge [8] with the Pennsylvania Labor Relations Board (PLRB) alleging violations of Sections 6(1)(a) and (e) of the Pennsylvania Labor Relations Act [9] (Labor Act), 43 P.S. §§ 211.6(1)(a) and (e).

On March 14, 1994, the Association filed with the Court of Common Pleas of Mifflin County (trial court) a two count complaint,[10] count one in equity and count two in mandamus, seeking compliance with the pension provisions of the award until the PLRB determines the unfair labor practice charge. Simultaneously, the Association filed an application for a preliminary injunction,[11] "[c]ompelling Defendants to immediately implement the pension provisions of the Act 111 Award." (R.R. 68a.) *See* Rules 1531(a) and (d) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. Nos. 1531(a) and (d). By order of March 16, 1994, the trial court scheduled a hearing for March 29, 1994 on the Association's application for a preliminary injunction.

On March 29, 1994, with all parties present by their counsel, the trial court, after some preliminary remarks, stated

[a]ny caveats to what I've said so far? Okay. We'll turn it over then to the Plaintiffs. It's your obligation to, I think, explain to me exactly what you want here and why you should get it at this point if you can do it by a statement. That's fine. If you need some witnesses, go ahead.

(R.R. 281a.) Thereafter, the parties, by their counsel, stated to the trial court their version of the facts and their respective legal positions. (R.R. 281a–307a) There then ensued between the trial court and counsel a discussion regarding a possible resolution of the proceedings by means of an agreement. (R.R. 307a–312a.) The trial court then declared a half-hour recess so that counsel could confer with their clients. Upon resumption of the proceedings, the parties stated to the trial court they had arrived at an agreement. (R.R. 312a–313a.) With no evidence being taken, the trial court then dictated an order based upon the oral agreement of the parties as follows:

Now, March 29, 1994, this matter having come forward for hearing on the application of Plaintiff for preliminary action by this Court, and after hearing of argument, and after discussions with the Court, and by the parties between themselves, it is

ORDERED AND DIRECTED on an interim basis there shall be implemented by the Borough of Lewistown through its council members on behalf of Officer Robert Rarick upon his retirement from the Mifflin County Regional Police Department a pension arrangement in accordance

---

7. The Borough asserts that it is prohibited by Act 600 from 1) providing a monthly pension benefit in excess of fifty percent (50%) of the final average salary of the member; 2) consolidating its pension funds with the pension funds of Derry Township; and 3) providing refunds of member contributions. *See* 53 P.S. §§ 771–777.

8. The charge was directed against the Borough and the "Regional Police Commission, Mifflin County, PA." (R.R. 62a.)

9. Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §§ 211.1–211.13.

10. The named defendants in the complaint were the RPD, the individual members of the Board, the Borough, and the individual council members of the Borough.

11. The Association sought a preliminary mandatory injunction the object of which was to preserve the status quo by restoring it to the last actual, peaceable, noncontested status which preceded the pending controversy. A preliminary mandatory injunction is one which goes beyond a mere restraint and commands acts to be done or undone. As such, mandatory preliminary injunctions should be more sparingly issued than those prohibitory in nature. In order to obtain a preliminary mandatory injunction, the moving party must demonstrate that he is legally entitled to immediate relief and that he will suffer irreparable injury if the relief is not granted. *See* 15 Standard Pennsylvania Practice 2d § 83.11.

with that award by the Board of Arbitrators in this matter only as to the 70% (SEVENTY PERCENT) benefit level. *This preliminary Order, however, is conditioned upon the posting and filing of a bond by the Plaintiffs in the amount of $15,000.00 (FIFTEEN THOUSAND DOLLARS)* in favor of the Commonwealth of Pennsylvania and payable to the Borough of Lewistown Police Pension Fund in the event the ultimate determination of the issues between the parties in this matter differ from the award of the Board of Arbitrators in favor of the Borough of Lewistown. Otherwise, should the litigation terminate consistent with the provisions of the award of the Board of Arbitrators then this bond is dissolved and the surety is released. (Emphasis added.) (R.R. 75a.) On April 12, 1994, the trial court filed a memorandum in which it noted that on the matter of the Association's application for a preliminary injunction, an agreement was reached and an order was entered. The trial court further noted that it would expect a stipulation of facts from the parties by the end of April 1994, a hearing would then follow, and at the conclusion of said hearing oral argument would be heard. (R.R. 80a.)

On April 20, 1994 the Borough filed an answer to the Association's complaint. (R.R. 81a–90a) On April 22, 1994, the Association filed the required bond. (R.R. 91a–92a). On May 2, 1994, the trial court conducted a hearing [12] which consisted of an agreed written stipulation of facts by the parties and testimony of Bruce Nielsen for the defendants and James A. Wagner and William R. Smeal for the Association. (R.R. 94a–165a, 327a–357a.) At the conclusion of the hearing, the trial court heard oral argument.[13] (R.R. 357a–358a.)

On June 16, 1994, the trial court filed an order dated May 31, 1994, which provided as follows:

AND NOW, *May 31, 1994*, for the reasons set forth in the within Memorandum, *the preliminary injunction requested by plaintiff in this matter is refused. However, it is Ordered and Directed that the arrangement initially approved by the Court and entered into between the parties* providing for the retirement of an Officer and the securing of the economic consequences of the same by a bond, *be directed to remain in full force and effect until further Order of Court.* (Emphasis added.)

(R.R. 4a.) The memorandum mentioned in the foregoing order, as herein relevant, provides as follows:

[t]he award of the Board of Arbitrators was unappealed (sic) from. The arbitration award exceeds benefits which are legal under Act 600 and the Borough resists implementation of the award in the face of the projected retirement of a Regional Police Department Police Officer who seeks benefits under the Act 111 Arbitration Award.

An issue which will have to be answered at some time by some tribunal, perhaps this tribunal perhaps not, is "can an Act 111 award require the Borough of Lewistown to do acts which the Borough may not do under applicable pension law?"

There is considerable argument as to the scope of this Court's jurisdiction in this particular situation. On the one hand, the Union argues that the Borough cannot contest the Act 111 award because that award was not appealed from and under normal principles of finality, constitutes a final Order. The Union further suggests that the Borough's refusal to implement the award constitutes an unfair labor practice and same has been filed before the Pennsylvania Labor Relations Board and will be acted upon in due course. Furthermore, the Union suggests that the concept of illegality may not be addressed by this Court under applicable case law and also to resolve all unfair labor practice issues. (R.R. 321a–326a.)

---

**12.** At the beginning of the hearing, the second count in mandamus was withdrawn by the Association in view of the Supreme Court's decision in *Borough of Nazareth v. Pennsylvania Labor Relations Board,* 534 Pa. 11, 626 A.2d 493 (1993) which held that the PLRB is in the best position

**13.** The record does not contain a transcript of the oral argument before the trial court.

**512**

for the reason that the award was unappealed (sic) from.

On the other hand, the Borough suggests that the arbitration award is not binding on the Borough because the Borough was not in fact a party to the arbitration because it was not the employer of the police officers. Alternatively, the Borough intended and desired to appeal, but was outvoted by the other Board members. Furthermore, the Borough suggests that what it is asked to do at this time clearly violates Municipal Pension Law and the Borough and its council members desire to avoid committing improper, if not criminal or illegal acts.

While the parties don't agree on a lot of things, they both agree that this Court will not have the final say on the issues involved in this case.

As initially stated, *the issue before the Court is whether or not to issue a (sic) affirmative injunction against the Borough of Lewistown requiring it to permit the Police Office (sic) to retire in accordance with the arbitration award.* This, of course, in effect, directs, on a preliminary injunction platform, the implementation of the award or one might say the enforcement of that award.

*We note that the single individual who has requested to retire has been accommodated by a bond arrangement. We seriously suggest that that temporary arrangement may well have mooted the need for action on the part of this Court at this time under these circumstances.*

However, on the assumption that a ruling is needed, while we certainly think that our honest, dedicated, competent public servants, such as the police forces in whom we trust our safety and security, should be adequately attended to by way of compensation and retirement benefits, it does seem clear that the arbitration award transcends any authority that any municipality may have had to award pension benefits. Perhaps arbitration under Act 111 has the authority to circumvent the Legislature, but, *on a preliminary basis this Court declines to in effect ignore the municipal pension laws of this Commonwealth, especially in view of the fact that the individual situation before it has been accommodated.*

Thus, for the reasons stated, *this Court will confirm the temporary agreement and direct that same be continued, but refuses to issue a temporary or permanent Order requested in this case.* (Emphasis added.)

(R.R. 6a–8a.) It is from this order of the trial court dated May 31, 1994 and filed June 16, 1994 that the Borough appeals.[14]

In its appeal here, the Borough contends that the trial court has erred in determining that an Act 111 award can require a municipality to do acts which it may not otherwise do under applicable pension law. Before attempting to address the Borough's argument to that effect; however, we must first determine whether or not this matter is ripe for review.[15]

We begin by noting that the trial court's order dated May 31, 1994 and filed June 16, 1994 had two components: 1) the trial court's refusal of the Association's application for preliminary injunction; and 2) the trial court's direction that the agreement entered into between the parties and initially approved by the trial court on March 29, 1994

**14.** On July 14, 1994, the Borough filed its notice of appeal with the Superior Court of Pennsylvania. The notice of appeal was amended on July 18, 1994 and subsequently transferred to this Court.

**15.** Rule 311(a)(4) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 311(a)(4), provides that an order granting, continuing, modifying, refusing or dissolving a preliminary injunction, although interlocutory, is appealable as a matter of right. An appeal filed pursuant to Pa.R.A.P. 311(a)(4), however, does not divest the trial court of jurisdiction to proceed with the merits of the underlying case. *See* Pa.R.A.P. 311(h). In reviewing orders granting or refusing a preliminary injunction, this Court does not inquire into the merits of the controversy, but examines the record only to determine if there were any apparently reasonable grounds to justify the chancellor's action; only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will this Court interfere with the decision of the chancellor. *Pennsylvania Interscholastic Athletic Association v. Geisinger*, 81 Pa.Commonwealth Ct. 421, 474 A.2d 62 (1984).

remain in full force and effect until further order of the trial court. It is therefore apparent that the trial court treated the March 29, 1994 order as an agreement by the parties rather than a disposition of the Association's application for a preliminary injunction. It is further apparent that the trial court, by its order dated May 31, 1994 and filed June 16, 1994 and the accompanying memorandum when read together with the order of March 29, 1994, treated the May 2, 1994 hearing as a hearing on the Association's application for a preliminary injunction and not as a final hearing which would involve a determination of the merits raised by the complaint and the answer thereto.

Upon final hearing and consistent with the Pennsylvania Rules of Civil Procedure, the trial court will be required to file an adjudication and decree nisi resolving issues raised by the complaint and answer thereto. *See* Pa.R.C.P. No. 1501 and 1517. Thereafter, following the disposition of post-trial relief motions, if any,[16] the trial court will be required to issue a final decree. *See* Pa.R.C.P. No. 1520. The trial court herein, by virtue of its order dated May 31, 1994 and filed June 16, 1994, merely refused the Association's application for a preliminary injunction and continued in effect the agreement between the Borough and the Association until further order of court. Thus, the present status of the matter before the trial court is that the parties shall remain in the position which they voluntarily agreed to be in pending final hearing.

It is well established that in order to have standing to challenge an order, a party must be aggrieved thereby.[17] In order to be "aggrieved", a party must 1) have a substantial interest in the subject-matter of the litigation; 2) the interest must be direct; and 3) the interest must be immediate and not a remote consequence. *Beers v. Unemployment Compensation Board of Review,* 534 Pa. 605, 633 A.2d 1158 (1993). A party who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby. *See Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

It was the Association that made application for the preliminary injunction and it was the Association's request for the same that was refused by the trial court. Clearly, the Borough is not aggrieved by either the trial court's refusal of the Association's application for preliminary injunction[18] or by the trial court's continuation of the March 29, 1994 agreement between the parties.[19] Accordingly, since the decision from which the Borough seeks to appeal, the trial court's order dated May 31, 1994 and filed June 16, 1994, was not adverse as to the Borough, its appeal will be dismissed.

## ORDER

AND NOW, this 11th day of July, 1995, the appeal of the Borough of Lewistown from the Court of Common Pleas of Mifflin County's order, dated May 31, 1994 and filed June 16, 1994, is dismissed.

---

**16.** Post-trial relief motions shall be filed within ten days after the filing of the adjudication in the case of an equity trial. Pa.R.C.P. No. 227.1(c)(2). If a post-trial relief motion is not timely filed, the prothonotary, upon praecipe of a party, shall enter the decree nisi as the final decree. Pa.R.C.P. No. 227.4(1)(c).

**17.** Rule 501 of the Pennsylvania Rules of Appellate Procedure provides that "[e]xcept where the right to appeal is enlarged by statute, any party who is *aggrieved* by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." (Emphasis added.) Pa. R.A.P. 501. "Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party." *See* Note to Rule 501.

**18.** *See Bensalem Township School District v. County Commissioners of Bucks County,* 8 Pa.Commonwealth Ct. 411, 303 A.2d 258 (1973) (a party which prevailed on certain issue in case was not a party aggrieved by the trial court's ruling on the issue, and thus could not appeal the ruling); *see also* 2 Pennsylvania Law Encyclopedia § 53.

**19.** *See Brunn v. Kean,* 163 Pa.Superior Ct. 574, 63 A.2d 108 (1949) (where the differences between the parties has been resolved and the order of the court appealed from was acquiesced in by both parties through their counsel, no grounds for such appeal exist and it should therefore be dismissed).