Commonwealth of Pennsylvania, Department of Education, Clarion State College, Petitioners *v.* John W. Postlewait, Respondent.

Hearing before Judge BLATT, September 19, 1979.

*Jack E. Solomon,* Assistant Attorney General, with him, *Patricia A. Donovan,* Chief Counsel, for petitioner.

*Paul H. Titus, Titus & Marcus,* for respondent.

MEMORANDUM OPINION AND ORDER BY JUDGE BLATT, September 26, 1979:

The case is before us on the application of John W. Postlewait for relief in the nature of peremptory mandamus directing Clarion State College (College) to reinstate him as its director of public safety.

Apparently because of policy differences with the College administration, Postlewait was reassigned by the College from his position as director of public safety to other duties within the campus police department. Neither his civil service classification,

however, nor his pay was altered. He appealed to the State Civil Service Commission (Commission), which ordered that he be reinstated to his previous position, but the College filed a petition for review of the Commission's order, and that matter is now pending in this Court. Meanwhile, the College has refused to reinstate Postlewait, and it argues that its appeal to this Court acts as a supersedeas of the Commission's order. It also argues that, if its appeal does not act as a supersedeas, then we should issue a supersedeas pending our resolution of the appeal on the merits. Belatedly, it has also filed an application for supersedeas with the Commission, concerning which no action has yet been taken.

We must first consider whether or not the College's appeal to this Court acts as a supersedeas. The College, of course, is an agency of the Commonwealth, and it argues that its appeal constitutes an automatic supersedeas under Pa. R.A.P. 1736(b), which provides:

> "(b) Supersedeas automatic. Unless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision (a) [which includes the Commonwealth] of this rule shall operate as a supersedeas in favor of such party."

This rule, however, is confined to civil matters, and Chapter 17, in which Rule 1736(b) is found, establishes the following categories: "Stay or Injunction in Civil Matter"; "Stay In Criminal Matters"; "Stay Pending Action On Petition For Review", with Rule 1736(b) being found listed under the first category only with no similar provision being found under the category of petitions for review. We believe, therefore, that a petition for review filed by the Commonwealth does not act as an automatic supersedeas.

As to the alternative request of the College that we now grant a supersedeas while its petition is pending, such request must also be denied because we do not believe that the College has made out a sufficient case for granting it. In the first place, its allegations of irreparable harm are unconvincing. It argues that Postlewait lacks leadership ability, but we believe that he appears to be qualified for the position of public safety director and that he has followed the policies of the College administration. In the second place, we have reviewed the record of the proceedings before the Commission, and we cannot conclude that the College's probability of success on the merits of its appeal is great enough to justify the issuance of a supersedeas.

We shall therefore deny the College's application for supersedeas and grant Postlewait's request for peremptory mandamus.

### Order

And Now, this 26th day of September, 1979, upon consideration of John W. Postlewait's application for relief in the nature of peremptory mandamus and Clarion State College's application for supersedeas, and after hearing argument thereon, the application of Postlewait is granted and that of the College denied. The College is hereby ordered to reinstate Postlewait to the position of public safety director pending disposition of its petition for review.