521 A.2d 513

James R. Colston, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Community Affairs, Respondent.

Argued November 17, 1986, before Judges MAC-PHAIL, DOYLE and COLINS, sitting as a panel of three.

*Melville G. M. Walwyn, Dade, Harris & Walwyn, P.C.*, for petitioner.

*Bernadette Barattini*, Assistant Counsel, with her, *Michael A. Donadee*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 23, 1987:

In this unique case, our Court must rule upon the Petition of the Department of Community Affairs (Department) to open a peremptory judgment directed to be entered by this Court on May 23, 1986.

It is necessary to review the procedural history of this case.[1] James Colston was dismissed as a management employee by the Department for willful violation of the Governor's Code of Conduct[2] and the State Ethics Act.[3] On February 27, 1986 the State Civil Service Commission (Commission) reversed the dismissal and ordered Colston's reinstatement with back pay. The Department filed a petition for review with this Court to

---

[1] The underlying facts are more fully set out in this Court's opinion filed concurrently herewith to No. 849 C.D. 1986, 104 Pa. Commonwealth Ct. 159, 521 A.2d 509 (1987).

[2] 4 Pa. Code §§7.161-7.164.

[3] Act of October 4, 1978, P.L. 883, 65 P.S. §§401-413. The State Ethics Act is an unofficial, but commonly used, title for this statute.

No. 849 C.D. 1986 which was argued on the merits before this Court immediately after the argument was heard on the proceedings *sub judice*.

On April 8, 1986, Colston filed a petition for review in the nature of mandamus in this Court's original jurisdiction, contending that since no stay or supersedeas of the Commission's order had been requested or granted, he was entitled to enforcement of that order. The Department's answer admitted that no stay or supersedeas had been sought but contended *inter alia* that the filing of its petition for review in our appellate jurisdiction[4] constituted an automatic stay of the Commission's order.

Thereafter, on May 12, 1986, Colston filed a motion for special relief in the nature of peremptory judgment pursuant to Pa. R.C.P. No. 1098,[5] and costs. We ordered the matter for argument and, on May 23, 1986, the author of this opinion as duty Judge, entered an order and memorandum opinion granting Colston's motion for peremptory judgment.[6]

The Department requested reconsideration which we denied. The Department then filed the instant petition to open on June 23, 1986 and, on July 3, 1986, also filed a petition for allowance of appeal with our Supreme Court. On January 7, 1987, the Supreme Court denied that petition.

In view of our order in No. 849 C.D. 1986 which vacates the Commission's order and remands the case to the Commission for further consideration, it now appears that this matter is moot. We think, however, that

---

[4] No. 849 C.D. 1986.

[5] The motion more properly should have been filed pursuant to the provisions of Pa. R.A.P. 1532.

[6] We denied Colston's request for costs and back pay pending disposition of the proceedings at No. 849 C.D. 1986.

there is an important public question involved here which could otherwise repeatedly escape review; therefore, we will decide it. *Mifflin County School District v. Stewart*, 94 Pa. Commonwealth Ct. 313, 503 A.2d 1012 (1986).

Although Colston raises procedural objections to our consideration of the application now before us[7] we need not rule upon those objections at this time in view of the mootness of the case since those objections do not raise important public questions nor are they matters which might otherwise repeatedly escape review.

The issue which we feel we must address notwithstanding mootness is whether an appeal to this Court by a Commonwealth agency from an order of another Commonwealth agency constitutes an automatic stay or supersedeas. We hold that it does not.

It is the Department's contention that Pa. R.A.P. 1736(b) clearly provides that it is entitled to an automatic supersedeas in these circumstances. Rule 1736(b) states:

> Unless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party.

The Commonwealth is a party mentioned in Subdivision (a).

---

[7] Colston contends that: the application does not set forth grounds sufficient for us to open the judgment; in view of the Department's petition for allowance of appeal, we lack jurisdiction to address the application; and, the Department has not filed a reproduced record. We note that our Court normally does not record oral arguments, therefore, there is no record to reproduce. It is stated in the memorandum opinion in support of the order of May 23, 1986 that the Department abandoned its contention that its appeal to this Court constituted an automatic supersedeas. The Department, of course, now avers that it did not abandon that argument.

Chapter 17 of the Rules of Appellate Procedure is entitled "Effect of Appeals; Supersedeas and Stays." The Chapter has several sub-headings: "In General" (Rules 1701 and 1702); "Stay or Injunction in Civil Matters" (Rules 1731-1751); "Stay in Criminal Matters" (Rules 1761-1764); and "Stay Pending Action on Petition for Review" (Rules 1781 and 1782). Rule 1736(b), of course, is found under the heading "Stay or Injunction in Civil Matters." It is not found under any of the other sub-headings. It is provided in Rule 1764 under the sub-heading "Stay in Criminal Matters" that Rule 1731 "et seq." *shall* be applicable to stays in criminal or quasi-criminal matters which are not within the scope of Rules 1761-1763. It is thus apparent to us that had our Supreme Court intended that the provisions of Rule 1736(b) should apply to matters pending action by our Court on a petition for review, it could and would have so provided.

In *Department of Education v. Postlewait*, 84 Pa. Commonwealth Ct. 568, 482 A.2d 57 (1979), Judge BLATT,[8] using precisely the reasoning above set forth in circumstances remarkably similar to those now before us, held that a petition for review filed by the Commonwealth does not act as an automatic supersedeas or stay.

The Department calls our attention to the definition of an appeal in Pa. R.A.P. 102 as including proceedings on petition for review "[w]here required by the context" of the rule. Our short answer to this argument is that the definition is not required here because the Rules in Chapter 17 separately delineate civil actions, criminal actions and petitions for review as they relate to the

---

[8] Judge BLATT's decision, being a one-judge opinion, although not binding upon us, may be cited for its persuasive value. *See* Section 414 of the Commonwealth Court of Pennsylvania Internal Operating Procedures, 210 Pa. Code §67.55.

matters of supersedeas and stays. The Department further argues that our present ruling creates an artificial distinction between appeals from "judicial forums" where the Commonwealth is entitled to an automatic supersedeas, and an appeal from an administrative order. While we would hestitate to attempt to explain the rationale of the Supreme Court in making this distinction,[9] we think that one plausible reason is, as we have previously noted, that we are dealing with an appeal of one Commonwealth agency from the order of another Commonwealth agency. The expertise of the adjudicating agency is a factor which, in our opinion, differentiates an administrative agency order from that of a "judicial forum" and warrants the distinction of which the Department complains.

We have considered the other arguments raised in the Department's brief and find them to be without merit.

We conclude that the decision in *Postlewait* was correct and that the Department's application to open the judgment must be denied.

## ORDER

The application of the Department of Community Affairs to open or vacate peremptory judgment is denied.

---

[9] The fact that the Department's petition for allowance of appeal has been denied by the Supreme Court, while not conclusive of the matter, is at least indicative that the Department's position is not crystal clear.