573 A.2d 233

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF THE AUDITOR GENERAL, Petitioner,**

**v.**

**COUNCIL 13, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, Respondent.**

Commonwealth Court of Pennsylvania.

Argued & Filed March 14, 1990.

Designated as Opinion to be Reported
April 10, 1990.

---

Robert J. Schwartz, Deputy Chief Counsel, with him, Paul M. Yatron, Chief Counsel, Harrisburg, for petitioner.

Alaine S. Williams, with her, Charles T. Joyce, Walters, Willig, Williams and Davidson, Philadelphia, for respondent.

CRAIG, Judge.

In these proceedings, which the Department of the Auditor General (Auditor General) initiated by filing petitions for review from decisions of arbitrators reinstating two employees dismissed by the Auditor General, respondent AFSCME has filed an Application to Enforce Order of Appellate Court under Pa.R.A.P. 2591(b) to obtain enforcement of this

court's order of February 8, 1990, a self-explanatory copy of which is appended to this memorandum opinion.

On February 14, 1990, the Auditor General filed with the Pennsylvania Supreme Court an Application for Relief From Stay Order of the Commonwealth Court pursuant to Pa.R.A.P. 3315.

1.  Does the Auditor General's Application to the Supreme Court Impose an Automatic Stay?

The first issue is whether the Auditor General's February 14 application to the Supreme Court has now effected an automatic supersedeas of any further action by this court with respect to its February 8 order, by virtue of the automatic stay provisions of Pa.R.A.P. 1736(b) which provide that "the taking of an *appeal*" (emphasis added) by the Commonwealth "shall operate as a supersedeas...."

■ Still valid is the premise of our February 8 order to the effect that a petition for review filed by the Commonwealth from a decision of an arbitrator remains governed by Pa.R.A.P. 1781 rather than by Pa.R.A.P. 1736. Pa.R.A.P. 1736(a)(2) expressly negates an automatic supersedeas for a political subdivision in an appeal from an arbitration award. Removal of the automatic supersedeas benefit for a political subdivision in that situation is consistent with the reading that the Commonwealth's petition for review of an arbitrator's award also does not have the benefit of an automatic stay. The logical effect of the 1987 amendment to Pa.R.A.P. 1736(a)(2), eliminating automatic supersedeas for a political subdivision, is to assure that a political subdivision shall be in no better position than the Commonwealth itself when seeking review of an arbitration award.

■ As this court previously noted in the February 8 order, *Colston v. Department of Community Affairs*, 104 Pa.Commonwealth Ct. 165, 521 A.2d 513 (1987) holds that Pa.R.A.P. 1736 applies to appeals from trial courts, not to petitions for review, which are governed as to supersedeas by Pa.R.A.P. 1781. Moreover, the Auditor General's

present resort to the Supreme Court clearly is not the "taking of an appeal" to which the automatic supersedeas provisions of Pa.R.A.P. are confined. Proceedings asking the Supreme Court to review an appellate court action on a supersedeas request by an appellate court is not an appeal but is a "reapplication" under Pa.R.A.P. 3315 as Pa.R.A.P. 1702(c) declares by stating:

(c) **Supreme Court Review of Appellate Court Supersedeas in Stay Determinations.** No appeal, petition for allowance of appeal or petition for review need be filed with the Supreme Court in connection with the reapplication under Rule 3315 (Review of Stay Orders of Appellate Courts).

Hence, with automatic supersedeas under Pa.R.A.P. 1736 applying only to appeals, this request for supervisory action by the Supreme Court does not constitute an appeal and therefore does not invoke the benefit of any automatic stay on behalf of the Auditor General.

Therefore the existence of the Rule 3315 application before the Supreme Court does not bar this court from enforcing its February 8 order denying a stay and requiring compliance with the award.

The application to enforce the order of February 8 should be granted.

2. Should the Auditor General Be Liable In Damages for Actions in Bad Faith?

AFSCME has claimed and, in a hearing, has presented evidence for the purpose of establishing that, following our order of February 8, the Auditor General's office (1) on February 12 gave the two employees involved in these cases reason to believe that the Auditor General would reinstate them as of February 20, thus allegedly prompting the employees to quit their jobs, but (2) now has declined to reinstate them by virtue of the automatic supersedeas claimed in relation to the proceeding taken to the Supreme Court.

The Auditor General has presented evidence contradicting the claims as to assurance of reinstatement. The Auditor General contends that the February 12 meeting with the employees was solely for the purpose of obtaining backpay and other information relating to reinstatement, so that reinstatement, if ultimately required, could be effectuated promptly.

To be noted is the point that the AFSCME claim here can be only for damages measured by wage and benefit loss incurred by the employees; there is no request to recover attorney's fees as a sanction against frivolous litigation, and there is no precedent for temporary or exemplary damages in such a situation.

The conclusion must be that enforcing this court's order of today, to reinstate with backpay, makes consideration of loss-of-earnings damages superfluous. Payment of backpay, subject to deduction for other earnings and unemployment compensation, will provide the employees with exactly the same sums as those which would be embodied in the damages requested.

Therefore, the claim for bad faith damages is denied as superfluous, as a matter of law. There is no need to reach any factual determinations on the bad faith issues.

Appropriate enforcement orders are being filed contemporaneously.

## ORDER

### No. 90 C.D.1990

NOW, February 8, 1990, upon consideration of respondent's application for relief in the nature of peremptory mandamus and petitioner's answer thereto, said application is granted. *See Colston v. Pennsylvania Department of Community Affairs,* 104 Pa.Commonwealth Ct. 165, 521 A.2d 513 (1987); *Department of Education, Clarion State College v. Postlewait,* 84 Pa.Commonwealth Ct. 568, 482 A.2d 57 (1979). Petitioner's allegation that Pa.R.A.P. 1736

provides an automatic supersedeas in the context of this petition for review is clearly without merit.

Petitioner shall comply with the arbitrator's award in this matter dated December 27, 1989. The grievant, Karol Danowitz shall, on or before February 20, 1990, be reinstated to her position as a Clerk I. On or before February 28, 1990, petitioner shall comply with the balance of the arbitration award regarding back pay and other benefits, including interest.

## ORDER

### No. 91 C.D.1990

NOW, February 8, 1990, upon consideration of respondent's application for relief in the nature of peremptory mandamus and petitioner's answer thereto, said application is granted. *See Colston v. Pennsylvania Department of Community Affairs*, 104 Pa.Commonwealth Ct. 165, 521 A.2d 513 (1987); *Department of Education, Clarion State College v. Postlewait*, 84 Pa.Commonwealth Ct. 568, 482 A.2d 57 (1979). Petitioner's allegation that Pa.R.A.P. 1736 provides an automatic supersedeas in the context of this petition for review is clearly without merit.

Petitioner shall comply with the arbitrator's award in this matter dated December 15, 1989. The grievant, John Weikel shall, on or before February 20, 1990, be reinstated to his position as a Stock Clerk II. On or before February 28, 1990, petitioner shall comply with the balance of the arbitration award regarding back pay and other benefits, including interest.

## ORDER

### No. 90 C.D.1990

NOW, March 14, 1990, upon consideration of respondent's Application to Enforce Order of Appellate Court pursuant to Pa.R.A.P. 2591(b), and a hearing held in relation thereto, the application is granted in part and denied in part as follows:

1. Because petitioner Department of the Auditor General's Application For Relief to the Supreme Court pursuant to Pa.R.A.P. 3315 is a reapplication as to supersedeas, rather than an appeal benefited by the automatic stay provisions of Pa.R.A.P. 1736, petitioner's further claim of an automatic supersedeas is denied;

2. Petitioner shall comply with this court's order of February 8, 1990 by reinstating Karol Danowitz to her former position as Clerk I on or before March 19, 1990 and shall comply with the balance of the arbitration award regarding backpay and other benefits by paying to him the same, with interest, subject to deduction for unemployment compensation, if any, and other earnings received, on or before April 2, 1990;

3. Noncompliance with the foregoing shall constitute contempt subject to sanctions including, but not limited to, the imposition of a fine for every day of noncompliance; and

4. Respondent's request for damages is denied.

## ORDER

### No. 91 C.D.1990

NOW, March 14, 1990, upon consideration of respondent's Application to Enforce Order of Appellate Court pursuant to Pa.R.A.P. 2591(b), and a hearing held in relation thereto, the application is granted in part and denied in part as follows:

1. Because petitioner Department of the Auditor General's Application For Relief to the Supreme Court pursuant to Pa.R.A.P. 3315 is a reapplication as to supersedeas, rather than an appeal benefited by the automatic stay provisions of Pa.R.A.P. 1736, petitioner's further claim of an automatic supersedeas is denied;

2. Petitioner shall comply with this court's order of February 8, 1990 by reinstating John Weikel to his former position as Stock Clerk III on or before March 19, 1990 and shall comply with the balance of the arbitration award

regarding backpay and other benefits by paying to him the same, with interest, subject to deduction for unemployment compensation, if any, and other earnings received, on or before April 2, 1990;

3. Noncompliance with the foregoing shall constitute contempt subject to sanctions including, but not limited to, the imposition of a fine for every day of noncompliance; and

4. Respondent's request for damages is denied.