**CITY OF SCRANTON, Petitioner**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 2011.

Decided March 7, 2012.

See also 591 Pa. 717, 919 A.2d 959.

Paul A. Kelly, Jr., Scranton, for petitioner.

Warren R. Mowery, Jr., Harrisburg, for respondent.

Stephen J. Holroyd, Philadelphia, for intervenor E.B. Jermyn Lodge No. 2 Fraternal Order of Police.

BEFORE: PELLEGRINI, Judge [1], and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

## I. Introduction

In this appeal, the City of Scranton (City) petitions for review of a 2011 Final

Order (2011 Final Order) of the Pennsylvania Labor Relations Board (PLRB or Board) essentially directing the City to comply with the Strategic Implementation Team (SIT) Agreement it entered into with its police union, the Fraternal Order of Police, E.B. Jermyn Lodge No. 2 (FOP). In the SIT Agreement, the City agreed to hire civilian clerical positions (SIT clerks) to assist the police by completing forms and other paperwork in exchange for the elimination of police officer positions. For the reasons that follow, we affirm the Board's 2011 Final Order.

## II. Background

### A. SIT Agreement; 1997 Brogan Award

During negotiations in 1993 for a new collective bargaining agreement (CBA), the City and the FOP organized the SIT Committee in a joint effort to professionalize and restructure the City's police department. Thereafter, the parties entered into the SIT Agreement, which reduced the manning compliment from 156 to 140 police officers. The parties made the SIT Agreement, as amended, part of the 1996–2002 CBA. In return for the reduction in police officers, the City agreed to add 11 additional SIT clerks to five existing clerical positions. The SIT clerks would assist the City's police officers by completing their paperwork, a clerical function traditionally performed by bargaining unit members. By "civilianizing" these clerical functions, the City's police officers would have more time on the street.

The SIT Agreement specified the following positions:

1. This case was assigned to the opinion writer before January 7, 2012, when Judge Pellegrini became President Judge.

| Position | Current | Propose | Add |
|---|---|---|---|
| Criminal Information Spec. | 0 | 1 | 1 |
| Clerk/Typist Detectives—[D]ays | 1 | 1 | 0 |
| Clerk/Typist Detectives—Evenings | 0 | 1 | 1 |
| Records/Administration | 4 | 6 | 2 |
| Training | 0 | 1 | 1 |
| Deputy Chief/Captains | 0 | 1 | 1 |
| Desk (2 for 2 shifts) | 0 | 4 | 4 |
| Grant Writer | 0 | 1 | 1 |
| Total | 5 | 16 | 11 |

*See* Article IX(G) of the Amended SIT Agreement at 13–14 (Civilianization of Police Department Functions); Reproduced Record (R.R.) at 576a.

After the City failed to hire the required number of SIT clerks in 1995 and 1996, the FOP filed a grievance. In 1997, Arbitrator Margaret R. Brogan determined the City violated the SIT Agreement by failing to hire six SIT clerks. In an arbitration award issued pursuant to the Policemen and Firemen Collective Bargaining Act[2] (Act 111), Arbitrator Brogan directed the City to comply with the SIT Agreement and hire the requisite number of SIT clerks (Brogan Award). As damages, Arbitrator Brogan directed the City to pay the appropriate FOP bargaining unit members the cash value of the average salary and benefits for each SIT clerk the City should have hired from the date they should have been hired until someone is hired.

### B. Act 47 Recovery Plan

Meanwhile, in January 1992 the Pennsylvania Department of Community and Economic Development determined the City to be a "financially distressed municipality" under the Municipalities Financial Recovery Act[3] (Act 47) and appointed the Pennsylvania Economy League of Central Pennsylvania, LLC, as the City's Act 47 coordinator (Plan Coordinator) to develop a recovery plan.[4] Pursuant to the terms of the parties' last two CBAs, Plan Coordinator chaired the SIT Committee.

In 2002, the City adopted its second recovery plan (2002 Recovery Plan). The City remains a financially distressed municipality under Act 47.

Relevant here, Chapter II–B of the 2002 Recovery Plan contains provisions governing: *"Management Rights"* (the City shall have the right to determine the organizational structure and operation of each department); *"Personnel Costs"* (no back wages or other retroactive adjustments shall be paid); *"Elimination of Minimum Manning"* (any provision of CBA between City and its unions regarding minimum manning requirements is eliminated; City shall have right to lay-off any employees for economic or any-reasons, without limitation). *See* R.R. at 354a–58a.

**2.** Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10.

**3.** Act of July 10, 1987, P.L. 246, *as amended*, 53 P.S. §§ 11701.101–11701.501.

**4.** Once a municipality adopts a recovery plan, it must follow the plan's recommendations or risk such penalties as the withholding or suspension of certain Commonwealth funds.

Sections 251 and 264 of Act 47, 53 P.S. §§ 11701.251, 11701.264. Although Act 47 does not authorize a recovery plan to supersede an existing labor agreement, it proscribes any new contract from impairing implementation of the plan. Section 252, 53 P.S. § 11701.252; *Fraternal Order of Police, Fort Pitt Lodge No. 1, by Havens v. Yablonsky*, 867 A.2d 658 (Pa.Cmwlth.2005) (*en banc*).

Also, Section II–B(*l*) of the Plan's "*Provisions Specifically for the Police Department*," titled "*Organizational Structure and Scheduling*," provides in part:

1. *Organizational Structure and Scheduling.* Scranton Police Department shall be modified organizationally, structurally, and functionally to ensure necessary cost containment, while ensuring the best possible service to the citizens of Scranton. The police department's existing shifts/platoons and the current organizational plan developed by the SIT Committee shall be modified to better reflect the temporal, demographic, and geographical conditions of the City.

*Id.* at 364a. Chapter II–B of the Plan, pertaining to "*Clerical and Nonunion*," provided in relevant part:

7. *S.I.T. Clerks.* Notwithstanding any prior arbitration award, the City shall have the right to determine the number and type of S.I.T. clerks, and the S.I.T. clerk position which reports directly to the Deputy Chief/Patrol shall be eliminated.

*Id.* at 374a.

**C. 2003 Grievance; 2004 Light Award**

In 2002, Mayor Christopher Doherty took office, and the City adopted the 2002 Recovery Plan. In January 2003, the City directed the elimination of seven SIT clerk positions and refused to fill a then-existing vacancy. In response, the FOP filed a grievance alleging the City violated the SIT Agreement.

The grievance proceeded to hearing before Arbitrator Robert E. Light. The City argued the 2002 Recovery Plan specifically provided the City with the authority to eliminate certain SIT positions that were no longer needed. Moreover, the City asserted it placed computers in all of the police vehicles. The City argued that as a result of these actions there was not enough work for the full complement of SIT clerks to perform.

The Light Award is crucial to resolution of the current controversy. Arbitrator Light determined the City unilaterally reduced the number of required SIT clerks and thereby ignored the language in the 1996–2002 CBA, which incorporated the SIT Agreement. He observed the parties agreed that the SIT Agreement, as renewed and amended in 1999, continued in effect. It unmistakably provided for additional SIT clerks. Arbitrator Light also noted the parties agreed the City failed to comply with the SIT Agreement. *See* Opinion and Award of Robert E. Light, 09/13/04; R.R. at 14a–35a.

Arbitrator Light further recognized the SIT Agreement did not violate the 2002 Recovery Plan because it *preceded* the Plan. He determined the City violated the SIT Agreement by not filling the additional positions. Consequently, he ordered the immediate employment of the following *eight* SIT clerks: one "Clerk/Typist Detectives–Evenings," two additional SIT clerks in "Records/Administration," one SIT clerk for "Deputy Chief/Captains" and four *additional* SIT clerks for the "Desk." R.R. at 32a.

In addition, Arbitrator Light ordered the City to make the FOP whole by paying FOP bargaining unit members on the payroll during the appropriate time periods back pay in the amount of the full cash value the City would have paid if the required SIT clerks were employed. This included payment for wages, health insurance benefits at the family level and other benefits. *See id.* at 32a–33a.

Also, having found the City acted in bad faith by failing to constantly employ the SIT clerks required by the SIT Agreement, Arbitrator Light directed the City to pay the FOP's reasonable attorney's fees

incurred in the arbitration proceedings. *Id.* at 34a.

### D. Petition to Vacate Light Award; Appeal

In response, the City filed a petition to vacate the Light Award in the Court of Common Pleas of Lackawanna County (common pleas court). Before the common pleas court, the City argued the Light Award violated Section 252 of Act 47, which provides (with emphasis added): "A collective bargaining agreement or arbitration settlement executed *after* the adoption of a plan shall not in any manner violate, expand or diminish its provisions." 53 P.S. § 11701.252.

■ Applying the narrow *certiorari* test,[5] the common pleas court denied the City's petition to vacate because the 1996–2002 CBA and the SIT Agreement existed *prior* to the 2002 Recovery Plan. The City appealed. This Court, in an *en banc* decision, agreed with the common pleas court's analysis, noting the SIT Agreement *predated* the 2002 Recovery Plan. *See City of Scranton v. E.B. Jermyn Lodge No. 2 of the Fraternal Order of Police*, 903 A.2d 129 (Pa.Cmwlth.2006), *appeal denied*, 591 Pa. 717, 919 A.2d 959 (2007) (Pellegrini, J.) (*Scranton FOP (2006)*).

■ In *Scranton FOP (2006)*, we also rejected the City's argument that Arbitrator Light exceeded his powers by awarding attorney's fees and back pay, which amounted to punitive damages assessed against a government entity and its taxpayers. *See City of Phila. Office of Hous. & Cmty. Dev. v. Am. Fed. of State Cnty. & Mun. Emp., Local Union No. 1971*, 583 Pa. 121, 876 A.2d 375 (2005) (the arbitrator's award of back pay against a Commonwealth agency constituted an award of punitive damages against a government agency in violation of well-established public policy). In *Philadelphia Office of Housing*, our Supreme Court recognized that under the "essence test," used to review grievance arbitration awards under the Public Employe Relations Act (PERA),[6] reviewing courts may reverse an arbitrator's award of punitive damages based on public policy considerations. However, under Act 111's narrow *certiorari* review, an arbitrator only exceeds his authority if he mandates an illegal act be carried out or requires a public employer do that which it could not do voluntarily. *Borough of Nazareth v. Nazareth Borough Police Ass'n*, 545 Pa. 85, 680 A.2d 830 (1996). Narrow *certiorari* review does not allow courts to interfere with an award on the basis that it violates public policy. *Pa. State Police v. Pa. State Troopers Ass'n*, 559 Pa. 586, 741 A.2d 1248 (1999).

### E. PLRB's 2007 Final Order (Unfair Labor Practices)

In the interim, the FOP filed a charge of unfair labor practices with the Board alleging the City failed to comply with the Light Award. *See Pottstown Police Officers' Ass'n v. Pa. Labor Relations Bd.*, 160 Pa.Cmwlth. 87, 634 A.2d 711 (1993) (the borough's failure to comply with an Act 111 grievance award constitutes an unfair labor practice under the PLRA).

In his 2006 Proposed Decision and Order (2006 PDO), Board Hearing Examiner Thomas P. Leonard (Hearing Examiner) recognized this Court's decision in *Scranton FOP (2006)* held that Act 47 and the

---

5. Appellate review of an Act 111 arbitration award is in the nature of narrow *certiorari*. It is limited to issues regarding: (1) the jurisdiction of the arbitrator; (2) the regularity of the proceedings; (3) whether the arbitrator exceed his powers; and (4) deprivation of constitutional rights. *City of Phila. v. Int'l Ass'n of Fire Fighters, Local 22*, 606 Pa. 447, 999 A.2d 555 (2010).

6. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

City's 2002 Recovery Plan did not excuse the City from compliance with the Light Award. Hearing Examiner thus determined the City committed an unfair labor practice under Sections 6(1)(a) and (e) of the Pennsylvania Labor Relations Act[7] (PLRA), and he directed the City to comply with every provision of the Light Award.[8]

In January 2007, the Board dismissed the City's exceptions and affirmed the 2006 PDO, which directed compliance with the Light Award. The City did not appeal the 2007 Final Order.

### F. Board's 2011 Final Order (Compliance)

In June 2007, the FOP sought enforcement of the 2007 Final Order, thereby initiating the litigation phase which is now before us.

In mid-August 2007, the City filled the following *six* SIT positions: one clerk in Records/Administration; one clerk for Deputy Chief/Captains; four clerks for the Desk. However, in October 2007 the FOP filed a motion for compliance and sanctions. In March 2008, the City paid the FOP bargaining unit $954,261.02 in back pay pursuant to the Light Award.

In his 2010 PDO, Hearing Examiner determined the City failed to comply with the Light Award because it hired only *six* SIT Clerks instead of the required *eight*. In addition, in 2007 the City transferred one SIT clerk from Records/Administration to the Chief's office. The Chief is not a member of the bargaining unit. Consequently, a SIT clerk vacancy remained in Records/Administration. Thus, to comply with the Light Award, which required the hiring of eight SIT clerks, Hearing Examiner directed the City to hire three additional SIT clerks: (two clerks in Records/Administration and one Clerk/Typist for Detectives–Evenings). Hearing Examiner also calculated the amount of back pay owed to the FOP bargaining unit members to be $1,722,537.85 minus the $954,261.02 already paid.

 In response to the 2010 PDO, the City filed numerous exceptions. Ultimately, in its 2011 Final Order, the Board determined the City must hire *two* additional SIT clerks: one Clerk/Typist for Detectives–Evenings and one clerk for Records/Administration. The Board also awarded back pay for the positions in question.[9] The City petitions for review.[10]

### III. Issues

The City raises four primary issues for review. First, the City contends the

---

7. Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. § 211.6(1)(a) and (e). These provisions state: (1) It shall be an unfair labor practice for an employer—(a) To interfere with, restrain or coerce employes in the exercise of their rights guaranteed in this act.... [and] (e) To refuse to bargain collectively with the representatives of his employes...." *Id.*

8. In addition, citing Board decisions holding an arbitration award becomes enforceable after it is affirmed by a common pleas court, Hearing Examiner rejected the City's argument that a supersedeas remained in effect. *See Dep't of Auditor Gen. v. Council 13, Am. Fed'n of State, Cnty. & Mun. Employees, AFL–CIO*, 132 Pa.Cmwlth. 406, 573 A.2d 233 (1990) (Pa. R.A.P. 1736(a)(2) expressly ne-

gates an automatic supersedeas for a political subdivision in an appeal from an arbitration award).

9. The Board directed the City to pay back pay for the Clerk/Typist Detectives–Evenings position, running from 1999. For the SIT clerk transferred from Records/Administration, the Board awarded back pay from the date of the August 2007 transfer to the Chief's office. For an additional reinstated SIT clerk in Records/Administration, the Board awarded back pay from the February 2003 date of termination to the August 2007 date of reinstatement.

The Board also ordered the recalculation of the City's back pay amount in accord with the

Board erred in failing to comply with this Court's orders in *City of Scranton v. E.B. Jermyn Lodge No. 2 of the Fraternal Order of Police*, 965 A.2d 359 (Pa.Cmwlth. 2009), *rev'd sub nom., City of Scranton v. Fire Fighters Local Union No. 60, of the Int'l Ass'n of Fire Fighters, AFL–CIO*, 612 Pa. 23, 29 A.3d 773 (2011) (*Scranton FOP (2009)*) and *City of Scranton v. E.B. Jermyn Lodge No. 2 of the Fraternal Order of Police*, 8 A.3d 971 (Pa.Cmwlth.2010) (*Scranton FOP (2010)*), and by directing the City to perform illegal acts in violation of Act 47 and the City's 2002 Recovery Plan. Second, the City contends its filling of the six SIT clerk positions in 2007 (representing positions eliminated in 2003) moots the Board's 2011 Final Order. Third, the City argues the Board erred or abused its discretion by requiring the cash value of non-existent SIT clerk positions be paid to FOP bargaining unit members as punitive damages where the Supreme Court declared such damages impermissible against a government entity. Fourth, the City contends the Board erred in directing the City to perform an illegal act by awarding retroactive adjustments in violation of Act 47 and the 2002 Recovery Plan.

## IV. Discussion

### A. *Scranton FOP (2009)* and *Scranton FOP (2010)*

#### 1. Argument

In its first argument, the City contends that by enforcing the Light Award the

Board: (1) erred in failing to comply with this Court's orders in *Scranton FOP (2009)* and *Scranton FOP (2010)*; and, (2) erred by directing the City to perform illegal acts in violation of Act 47 and the 2002 Recovery Plan. In *Scranton FOP (2009)* and *Scranton FOP (2010)*, we modified the parties' 2006 and 2009 Act 111 interest arbitration awards, respectively, by incorporating certain provisions in the 2002 Recovery Plan. As discussed above, the 2002 Recovery Plan contained provisions eliminating minimum manning requirements and recognizing the City's managerial rights to determine the operation and structure of each of its departments.

Essentially, the City argues that the 2002 Recovery Plan terminated the City's obligation to provide additional SIT clerks pursuant to the SIT Agreement. Section 2(B) of the Light Award provides (with emphasis added):

> *Until such time as the underlying contractual language is modified to otherwise provide, the City shall continue to employ the number of additional SIT clerks provided in the SIT Agreement* and completely equip those employees with office space and equipment to perform the functions within the Police Department envisioned by the SIT Agreement. . . .

R.R. at 32a. Citing this provision, the City argues the Light Award only applied to the SIT Agreement prior to its modifi-

---

terms of the 2011 Final Order, which differed substantially from the terms of Hearing Examiner's 2010 PDO. For example, the Board vacated certain elements of the 2010 PDO, including a 6% interest award and an SIT Clerk overtime calculation.

**10.** Our review of a final order of the Board is limited to determining whether substantial evidence supports the necessary findings of fact

and whether the Board committed an error or a violation of constitutional rights. *Lycoming County v. Pa. Labor Relations Bd.*, 943 A.2d 333 (Pa.Cmwlth.2007). The appropriate remedy in an unfair labor practice case is a matter within the Board's discretion. *Id.* The Board has broad discretion under the PLRA to issue appropriate remedial orders. *Id.*

cation by *Scranton FOP (2009)*. Therefore, the City urges, it became compliant with the Light Award when we filed our decision in *Scranton FOP (2009)*.

In response, the Board and the FOP argue that our *en banc* decision in *Scranton FOP (2006)* remains the law of the case and the legal issues resolved in the first appeal cannot be re-litigated in a second appeal. *See Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326 (1995) (in accord with the "law of the case" doctrine, a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court in an earlier phase of that matter). In *Scranton FOP (2006)*, this Court observed the 1996–2002 CBA and the SIT Agreement existed prior to the 2002 Recovery Plan. "Section 252 of Act 47 in no way affects the application or interpretation of a [CBA] which is executed *prior to* the adoption of a fiscal recovery plan." *Scranton FOP (2006)*, 903 A.2d at 134 (quoting *Wilkinsburg Police Officers Ass'n by Harder v. Commonwealth*, 129 Pa.Cmwlth. 47, 564 A.2d 1015 (1989), *aff'd*, 535 Pa. 425, 636 A.2d 134 (1993)).

In addition, the Board contends the City waived its argument that the 2006 and 2009 interest arbitration awards, as modified by this Court in *Scranton FOP (2009)* and *Scranton FOP (2010)*, rendered the Light Award inapplicable by terminating the City's obligation to employ the number of SIT clerks required by SIT Agreement. To that end, the Board asserts the City failed to offer this position during the unfair labor practice proceeding, or in its exceptions to the 2006 PDO. Accordingly, the Board urges, the City waived this issue. *Twp. of Upper Saucon v. Pa. Labor Relations Bd.*, 152 Pa.Cmwlth. 530, 620 A.2d 71 (1993) (failing to raise an issue in exceptions to a Board hearing examiner's

proposed decision constitutes a waiver of that issue).

The Board also argues that the City cannot refuse to comply with this Court's decision in *Scranton FOP (2006)* based on this Court's decision in *Scranton FOP (2009)*. *See Pa. Labor Relations Bd. v. Commonwealth*, 478 Pa. 582, 387 A.2d 475 (1978) (allowing a party aggrieved by an arbitrator's award to refuse to abide by it undercuts the strong policy favoring finality in the arbitration of labor disputes; it also encourages the aggrieved party to ignore the normal appeal procedure and relitigate the issues in a subsequent enforcement action); *see also North Hills Educ. Ass'n v. North Hills Sch. Dist.*, 38 PPER 78 (Final Order 2007) (an employer that fails to prevail in grievance arbitration cannot delay implementation of the award until the effective date of a new contract that allegedly justifies its actions; the employer must first comply with the award).

### 2. Analysis

Initially, we note the Light Award became enforceable against the City upon the common pleas court's denial of the City's petition to vacate it. Pa. R.A.P. 1736(2); *Dep't of Auditor Gen. v. Council 13, Am. Fed'n of State, Cnty. & Mun. Employees, AFL–CIO*, 132 Pa.Cmwlth. 406, 573 A.2d 233 (1990). Thereafter, this Court affirmed the Light Award in *Scranton FOP (2006)*. Following that, in the unfair labor practice proceeding, the Hearing Examiner, cited the decision and recognized that Act 47 and the 2002 Recovery Plan did not excuse the City from compliance with the Light Award.

Contrary to the City's assertions here, this Court did not determine in *Scranton FOP (2009)* that the 2002 Recovery Plan modified or terminated the City's obligation under the SIT Agreement to hire the required number of SIT clerks. *See*

*Scranton FOP (2009)*, 965 A.2d at 375–76 (with the exception of the minimum manning requirements regarding *police officers* in Article IX of the SIT Agreement, the City failed to adequately explain which provisions of the SIT Agreement constrained its management rights). Consequently, we reject the City's assertion that *Scranton FOP (2009)* modified the 2006 interest award by eliminating the City's obligation to provide the number of SIT clerks required by the Light Award.

Moreover, in October 2011 the Supreme Court filed its decision in *City of Scranton v. Fire Fighters Local Union No. 60, of the Int'l Ass'n of Fire Fighters, AFL–CIO*, 612 Pa. 23, 29 A.3d 773 (2011) (*Scranton Fire Fighters (2011)*). The Supreme Court's decision reversed *Scranton FOP (2009)* and *City of Scranton v. Fire Fighters Local Union No. 60, of the Int'l Ass'n of Fire Fighters, AFL–CIO*, 964 A.2d 464 (Pa. Cmwlth.2009) (*Scranton Fire Fighters (2009)*). After careful analysis of the history, purposes and precise language of Act 111 and Act 47, the Supreme Court held in *Scranton Fire Fighters (2011)* that Section 252 of Act 47, which applies to subsequent arbitration *settlements*, does not impinge on Act 111 interest arbitration *awards*.

In sum, based on the City's misinterpretation of our decision in *Scranton FOP (2009)*, and on the Supreme Court's holding in *Scranton Fire Fighters (2011)* reversing our decision in *Scranton FOP (2009)*, we reject the City's arguments.

### B. Full Complement of SIT Clerks

#### 1. Reinstated Positions

The City essentially asserts the Light Award was flawed or has been superseded. First, the City contends that in August 2007 it reinstated the following six SIT positions it eliminated in January 2003: four SIT clerks at the Desk, one SIT clerk in Records/Administration, and one SIT clerk for the Deputy Chief/Captains. The City asserts that since August 2007 it employed the full complement of SIT clerks. Because the City hired the full complement of SIT clerks, and reinstated the eliminated positions, it could not be in violation of the Light Award.

Further, the City explains that although Arbitrator Light directed the City to employ eight additional SIT clerks, two of these positions, the Clerk/Typist Detectives–Evenings, and one of the two additional SIT clerks in Records/Administration, were continuously employed from 1999 to the present.

To that end, the City contends it had an oral agreement with the FOP to employ both Clerk/Typist Detectives positions on the day shift because the detectives within the bargaining unit did not work the night shift. Therefore, there was no work for an evening clerk/typist.

In addition, the City argues, under modifications made by the 2002 Recovery Plan, the assignment of duties falls within the City's management rights. Under the 2002 Recovery Plan, the City has the right to determine and change job duties.

#### 2. Statement of FOP Counsel at Arbitration

The City further contends that during the hearing in the compliance proceeding, the Board's Hearing Examiner erred by refusing to admit a transcript from the Light arbitration hearing containing statements by the FOP's Attorney, Thomas W. Jennings (FOP Counsel). FOP Counsel stated the FOP was only seeking to reinstate the six positions eliminated by the City in 2003.

The City asserts this statement is admissible under Pa. R.E. 803(25) (Admission by party-opponent). An attorney may act as an agent for his or her client

under Rule 803(25). A lawyer's statement in a courtroom may constitute an admission of his or her client. *See Sule v. Workmen's Comp. Appeal Bd. (Kraft, Inc.)*, 121 Pa.Cmwlth. 242, 550 A.2d 847 (1988) (employer's attorney's admission that claimant's arm continues to be useless constitutes a binding admission); *Piper Aircraft Corp. v. Workmen's Comp. Appeal Bd. (Bibey)*, 86 Pa.Cmwlth. 614, 485 A.2d 906 (1985) (claimant's attorney's statement during hearing that position remained available constitutes a binding admission). Consequently, the City contends FOP's Counsel's statement that the FOP only sought reinstatement of the six eliminated positions is a binding admission. Pa. R.E. 803(25); *Sule; Bibey.* Thus, Hearing Examiner's exclusion of the transcript is fatal error necessitating that the Board's 2011 Final Order be vacated.

### 3. SIT Records/Administration Clerk

In August 2007, the City hired Maggie McLane in the capacity of a Records/Administration clerk. The City assigned McLane to a clerical position in the Chief's Office. The City maintains McLane's position is "administration." The City thus asserts that the Board erred in determining McLane's assignment to the Chief's Office did not fill one of the Records/Administration clerk positions required by the Light Award.

In addition, the City argues, under the 2002 Recovery Plan the assignment of duties falls within the City's management rights. Therefore, the City asserts it has the right to determine and change job duties.

### 4. Board's Response

In response to the City's arguments, the Board contends the Light Award clearly directs the City to fill eight SIT positions,

not six. The City did not challenge this on appeal in *Scranton FOP (2006).*

 As to the evidentiary issue regarding exclusion of an alleged admission during the Light arbitration hearing, where an unfair labor practice charge alleges a party's refusal to comply with a grievance arbitration award, the Board is not allowed to review the merits of the arbitration award. *City of Phila. v. Pa. Labor Relations Bd.*, 759 A.2d 40 (Pa. Cmwlth.2000). Similarly, a party may not challenge the validity of an underlying arbitration award in a subsequent PLRB enforcement proceeding. *Pa. Labor Relations Bd. v. Commonwealth.*

In addition, the Light Award specifically required the City to hire one Clerk/Typist Detectives–Evenings. The City did not argue on appeal in *Scranton FOP (2006)* or before the Board in the unfair labor practice proceeding that it filled that position in 1999 by hiring two SIT clerks on the detectives' dayshift. Accordingly, the Board urges, this argument is waived. *See Borough of Lewistown v. Pa. Labor Relations Bd.*, 558 Pa. 141, 735 A.2d 1240 (1999) (borough waived challenge to arbitration award in unfair labor practice proceeding by failing to raise it in appeal from arbitration award).

The Board further contends hiring a clerical assistant to the Chief is not the same as hiring one of the six Records/Administration SIT clerks. The SIT Agreement compensated the bargaining unit for the reduction in manpower. The Chief is not in the bargaining unit. Consequently, the City did not comply with the Light Award's requirement for an SIT clerk in Records/Administration by hiring clerical assistant in the Chief's Office. Therefore, the City is still one SIT clerk short in Records/Administration. Consequently, the City is not in compliance with the Light Award.

### 5. Analysis

#### a. Collateral Attack on Light Award

Section 2(A) of the Light Award specifically required the City to:

Immediately employ not less than the additional SIT clerical positions of *one* "Clerk/Typist Detective–Evenings" *(Article XI Section G(3))*, *two additional* SIT Clerks in "Records Administration" (Article XI Section G(4)); one SIT Clerk for "Deputy Chief/Captain" (Article XI Section G(6)), and four additional SIT Clerks for the "Desk" (Article XI Section G(7)) to perform the functions prescribed in ... the SIT Agreement and to equip those employees with office space and equipment to perform the functions of the Police Department envisioned by the SIT Agreement....

R.R. at 32a (emphasis added).

 Here, the City attempts to collaterally attack the Light Award in the Board's compliance proceeding by alleging only six positions were at issue and that it filled those positions. In *City of Philadelphia v. Pennsylvania Labor Relations Board*, 759 A.2d at 42, we stated (with emphasis added):

When an unfair labor practice charge alleges a party's refusal to comply with a grievance arbitration award, the Board must first determine whether an arbitration award exists, then, whether the appeals process has been exhausted, and, if so, whether the employer failed to comply with the award. *The Board is not permitted to review the merits of the award.... Furthermore, in evaluating whether the [c]ity complied with the Arbitration Award, the Board cannot transcend the Award or reevaluate the [c]ity's case.... After the exhaustion of the appeal process, an arbitration award cannot be collaterally challenged in an unfair labor practice enforcement proceeding.*

 Clearly, the Light Award directs the City to fill eight SIT positions, including one Clerk/Typist Detectives–Evenings, two additional SIT Clerks in Records/Administration *and* one SIT Clerk for Deputy Chief/Captains. In interpreting the Light Award to determine whether the City complied with it, the Board cannot review the merits of the Light Award or go beyond its four corners in determining the intent of the Arbitrator Light. *Pa. Labor Relations Bd. v. Commonwealth; City of Phila. v. Pa. Labor Relations Bd.* Consequently, the Board could not consider evidence outside the four corners of the Light Award or relitigate the factual issues resolved in the Light Award. *Id.* Therefore, the Board properly declined to either consider evidence of an oral agreement with the FOP not to hire a Clerk/Typist Detectives–Evenings or review statements made by FOP Counsel at the arbitration hearing that the FOP was only seeking to reinstate the six positions eliminated by the City in 2003.

#### b. Clerical Assistant to the Chief

 Although the City hired McLane as a clerical assistant for the Chief in 2007, the Chief is not a bargaining unit member. As a result, the City cannot count McLane as a SIT clerk in Records/Administration for purposes of Article XI of the SIT Agreement. For this reason, we reject the City's contention that its hire of McLane as a clerical assistant for the Chief moots the requirement in the Board's 2011 Final Order that the City immediately employ one SIT clerk for Records/Administration as directed by the Light Award. *See* R.R. at 703a.

### C. Punitive Damages

#### 1. City's Argument

The City contends Arbitrator Light's back pay remedy is punitive and is there-

fore unlawful as against public policy under the Supreme Court's holding in *Philadelphia Office of Housing.* The City further asserts it is in full compliance with the Light Award. Awarding back pay to already fully compensated members of the FOP bargaining unit would clearly constitute a type of windfall the Supreme Court in *Philadelphia Office of Housing* deemed impermissible.

### 2. Response

In response, the Board counters this Court rejected this precise argument on appeal in *Scranton FOP (2006).* In that case, we rejected the City's argument on the basis that the Light Award of back pay is not reviewable under our narrow *certiorari* standard of review. In short, the Light Award did not direct the City to perform an illegal act or do something it could not do voluntarily. *Id; see also Pa. State Troopers Ass'n* (narrow *certiorari* review does not allow courts to interfere with an award on the basis that it violates public policy).

In addition, the Board contends the City waived this issue by failing to raise it before the Board in the unfair labor practice proceeding. *Borough of Lewistown; Twp. of Upper Saucon.* The City's exceptions to the 2006 PDO were limited to the issue of whether the City was entitled to a supersedeas pending disposition of its petition for allowance of appeal from our decision in *Scranton FOP (2006).*

### 3. Analysis

In *Scranton FOP (2006)* the City raised this precise issue, and this Court thoroughly addressed and rejected it. We reasoned that public policy considerations are not appropriate under our narrow *certiorari* review in Act 111 grievance arbitration cases:

While our Supreme Court in [*Philadelphia Office of Housing*] held that under the essence test, courts could, based upon public policy considerations, reverse an arbitrator acting under Act 195 to award punitive damages, that decision is not applicable here because in an arbitration award involving Act 111 bargaining units, the narrow certiorari test, not the essence test, is used to review those awards. This test is much more circumscribed than the essence test. As our Supreme Court has instructed, what is in excess of the arbitrator's powers under that test is not whether the decision is unwise, manifestly unreasonable, burdens the taxpayer, is against public policy or is an error of law; an arbitrator only exceeds his power if he mandates that an illegal act be carried out or requires a public employer to do that which the employer could not do voluntarily.

Moreover, our Supreme Court has expressly rejected the use of "public policy" considerations in deciding whether an Act 111 award is proper. [*Pa. State Police v. Pa. State Troopers Ass'n*].

\* \* \*

By issuing an award that divided among police officers an amount equal to that which the SIT clerks would have been paid if the City had followed the SIT Agreement and arbitration awards, the Arbitrator did not mandate the City perform an illegal act and the City could voluntarily pay the award if so desired. Therefore, the trial court did not err in ordering the City to pay the FOP an amount equivalent to the wages its members earned for work they performed that was supposed to have been done by others.

*Scranton FOP (2006)*, 903 A.2d at 134–36 (citations and footnote omitted).

Our decision in *Scranton FOP (2006)* remains controlling. Public policy considerations are outside the scope of Act 111 narrow *certiorari* review. *Id.* Also, the Board cannot revisit an arbitration award in an unfair labor practice alleging a violation of the award. *City of Phila. v. Pa. Labor Relations Bd.* As a result, the Board did not err or abuse its discretion in directing the City to pay the appropriate FOP bargaining unit members the compensation required by the Light Award for the clerical work they performed which should have been performed by SIT clerks. *Scranton FOP (2006)*.

### D. Retroactive Pay Adjustments

 In its final argument, the City contends the *"Personnel Costs"* provision in Section II–B(3) of the 2002 Recovery Plan prohibits back pay or retroactive adjustments. *Scranton FOP (2010); Scranton FOP (2009)*. The City asserts the back pay provisions of the Light Award are retroactive adjustments. Therefore, the City maintains the Board, in enforcing the compensation provisions of the Light Award, directed the City to perform an illegal act.

The City's contention lacks merit. As discussed above, in *Scranton Fire Fighters (2011)* the Supreme Court reversed our decision in *Scranton FOP (2009)* and *Scranton Fire Fighters (2009)* on the basis that Section 252 of Act 47 does not impinge on Act 111 arbitration awards. For this reason, the *"Personnel Costs"* provision in the 2002 Recovery Plan does not prohibit the City from complying with the back pay provisions of the Light Award.

### V. Conclusion

For the above reasons, we discern no error or abuse of discretion in the Board's 2011 Final Order directing the City to comply with the Light Award and compensate the FOP as directed by the Board. Accordingly, we affirm.

Judge COVEY did not participate in the decision in this case.

### *ORDER*

**AND NOW,** this 8th day of March, 2012, for the reasons stated in the foregoing opinion, the order of the Pennsylvania Labor Relations Board is **AFFIRMED.**